**[Cite as *State v. Wadding*, 2021-Ohio-3266.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                            Court of Appeals No.  E-21-006

     Appellee                                        Trial Court No.  2019 CR 0030

v.

Shain A. Wadding                                   **DECISION AND JUDGMENT**

     Appellant                                      Decided:  September 17, 2021

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

John M. Felter, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Shain Wadding, appeals the March 12, 2021 judgment

of the Erie County Court of Common Pleas which, following his guilty plea to two counts

of unlawful sexual conduct with a minor, R.C. 2907.04(A), (B)(3), sentenced appellant to

consecutive sentences totaling 84 months of imprisonment.  For the reasons that follow, we reverse the matter and remand for resentencing.

{¶ 2} Appellant was indicted on January 16, 2019, on four counts of rape, first-degree felonies, one count of gross sexual imposition, a third-degree felony, one count of attempted gross sexual imposition, a fifth-degree felony, and one count of disseminating matter harmful to juveniles, a fourth-degree felony.  On June 24, 2020, the disseminating matter harmful to juveniles count was dismissed by the state.

{¶ 3} On December 15, 2020, appellant entered guilty pleas to two counts of unlawful sexual conduct with minor, third-degree felonies, and the remaining counts were dismissed.  Appellant was sentenced to a consecutive sentence of seven years of imprisonment; this appeal followed with appellant raising the following assignment of error:

1.  The trial court erred by sentencing appellant to consecutive prison terms.

{¶ 4} Appellant's sole assignment of error asserts that the court failed to make the findings necessary prior to imposing consecutive prison sentences.  We note that our standard of review of a consecutive, felony sentence is whether the appellant has identified clear and convincing evidence in the record that the trial court's findings are not supported by the record.  *State v. Kiefer*, 6th Dist. Ottawa No. OT-21-005, 2021-Ohio-3059, ¶ 8; R.C. 2953.08(G)(2).

2.

{¶ 5} Generally, multiple incarceration terms are to be served concurrently unless the trial court, in the exercise of its discretion, orders the sentences to be served consecutively. R.C. 2929.41(A) and (B)(2); R.C. 2929.14(C)(4). Before imposing consecutive sentences, however, R.C. 2929.14(C)(4) mandates that the trial court find consecutive sentences are "necessary to protect the public from future crime or to punish the offender," "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and that one of the following circumstances under R.C. 2929.14(C)(4) is present:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 6} The trial court must engage in the correct analysis, state its statutory findings during the sentencing hearing, *and* incorporate those findings into its sentencing entry. (Emphasis added.) *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 253, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. A word-for-word recitation of the statutory language is not required so long as the record supports the trial court's findings. *Beasley* at ¶ 259.

{¶ 7} Appellant's sentencing hearing was held on March 9, 2021. Imposing two forty-two month sentences and ordering them to be served consecutively, the court stated: "I'm ordering the terms to be run consecutive and, um, based upon the harm and – that was done on behalf of each victim, and I – I find that consecutive terms are appropriate in this case."

{¶ 8} In the March 12, 2021 sentencing judgment entry, with regard to the consecutive sentences the court found, under R.C. 2929.14(C)(4),

that the imposition of consecutive sentences is appropriate because a) to protect the public from future crimes and to punish the offender; b) the sentences are not disproportionate to the seriousness of the defendant's conduct; c) the multiple offenses committed were so great and unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the defendant's conduct and; d) due to defendant's history of criminal conduct.

4.

**{¶ 9}** While the court made the correct findings in the sentencing judgment entry, the court did not make such precise statements at the sentencing hearing. Upon review of the sentencing hearing as a whole, we find the court's statements do not reflect proper consideration of the requirements of R.C. 2929.14(C)(4). The trial court did indicate the harm to each victim but failed to express whether it was "great or unusual." Importantly, the court failed to express that consecutive sentences were necessary to protect the public or punish the offender and that the sentences were not disproportionate to appellant's conduct. Where the trial court fails to make a required finding at a sentencing hearing for consecutive sentences under R.C. 2929.14(C)(4), the error cannot be cured nunc pro tunc, and the proper remedy is remand for a new hearing. *State v. Resendez*, 6th Dist. Lucas No. L-20-1020, 2020-Ohio-6653, ¶ 11, citing *State v. MacDonald*, 1st Dist. Hamilton No. C-180310, 2019-Ohio-3595, ¶ 64-66. Accordingly, because the trial court failed to make the required consecutive sentencing findings during the sentencing hearing, appellant's sentence is contrary to law and appellant's assignment of error is well-taken. On remand the trial court is tasked with considering whether consecutive sentences are appropriate under R.C. 2929.14(C)(4), making the appropriate findings at the sentencing hearing, and incorporating such findings into the sentencing judgment entry. *See State v. Gessel*, 6th Dist. Williams No. WM-19-004, 2020-Ohio-403, ¶ 20, citing *State v. Kubat*, 6th Dist. Sandusky No. S-13-046, 2015-Ohio-4062, ¶ 38.

{¶ 10} On consideration whereof, we reverse the March 12, 2020 judgment of the Erie County Court of Common Pleas and remand the matter for resentencing. Pursuant to App.R. 24, the state is ordered to pay the costs of this appeal.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                 _____

JUDGE

Christine E. Mayle, J.

_____

Myron C. Duhart, J.                                       JUDGE
CONCUR.

_____

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.