**[Cite as *State v. Sprague*, 2023-Ohio-4343.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

        Appellee

v.

Joshua Paul Sprague

        Appellant

Court of Appeals Nos. L-23-1060
L-23-1061
L-23-1062

Trial Court Nos. CR0201803247
CR0202101870
CR0202202976

**DECISION AND JUDGMENT**

Decided:  December 1, 2023

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lorrie J. Rendle, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**SULEK, J.**

{¶ 1} In this consolidated appeal, appellant Joshua Sprague and appellee the state

of Ohio respectively appeal and cross-appeal the judgments of the Lucas County Court of

Common Pleas, sentencing appellant Joshua Sprague to three consecutive prison terms

totaling a 40-month prison sentence.  Because the trial court failed to make the required R.C. 2929.14(C)(4) findings at the sentencing hearing, the judgments of the Lucas County Court of Common Pleas are reversed and these matters are remanded to the trial court for resentencing.

## I. Factual Background and Procedural History

{¶ 2} This appeal involves three separate criminal actions.  In case No. CR-2018-3247, Sprague pleaded no contest to, and was found guilty of, one count of unauthorized use of a vehicle in violation of R.C. 2913.03(B)(1), (D)(1), and (D)(3), a felony of the fifth degree.  On May 16, 2019, Sprague was ordered to serve three years of community control.

{¶ 3} Sprague violated the terms of his community control, and on July 8, 2020, the trial court continued his community control with additional conditions.

{¶ 4} Thereafter, Sprague committed another felony and was indicted in case No. CR-2021-1870 on one count of possession of a fentanyl-related compound in violation of R.C. 2925.11(A), (C)(11), and (C)(11)(a), a felony of the fifth degree.  Sprague pleaded guilty to the count of possession of a fentanyl-related compound in case No. CR-2021-1870, and admitted to violating the terms of his community control in case No. CR-2018-3247.

{¶ 5} On October 28, 2021, the trial court held a combined sentencing hearing on both cases.  In case No. CR-2018-3247, the trial court continued Sprague's community

2.

control until May 16, 2024, and added the additional condition that if he violated the terms of community control he could be sentenced to 11 months in prison. Similarly, in case No. CR-2021-1870, the trial court ordered Sprague to serve four years on community control with the added condition that if he violated the terms of community control he could be sentenced to 11 months in prison.

{¶ 6} Sprague then committed another felony, and on June 30, 2022, the Lucas County Grand Jury indicted him in case No. CR-2022-2076 on one count of breaking and entering in violation of R.C. 2911.13(A) and (C), a felony of the fifth degree, and one count of robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree. Sprague pleaded guilty to an additional amended count of trespassing in a habitation in violation of R.C. 2911.12(B) and (E), a felony of the fourth degree, with the state agreeing to dismiss the original two counts. Sprague also admitted to violating the terms of his community control in case Nos. CR-2018-3247 and CR-2021-1870.

{¶ 7} On February 14, 2023, the trial court conducted a combined sentencing hearing on all three cases. During the hearing, the trial court stated,

> We get a little confused in the criminal justice system sometimes, the modern system, because there is an aspect now where we try to address the issues that bring people to court. As a matter of fact, this court has a special program recently renamed adult treatment court which Mr. Sprague, he was a part of it before it was renamed and has been a participant for

3.

sometime (sic).  By calendar, but not by participation, because he often absconds from treatment and those facilities that the court used to help him address his addiction.

As it (sic) recently against my better judgment, at the behest of counsel I placed Mr. Sprague in a local treatment facility on bond on the new case and that ended up in termination as well due to violation of that program's rules.  If I recall correctly, there was a use of illicit substances in a treatment facility which returned him back to custody in the Lucas County Corrections Center.

You stand before the court today with 12 prior adult convictions, 22 misdemeanor convictions.  If my math is correct, that would be 35 criminal convictions as an adult.  A little less than 10 percent of those have been on my docket.

It's not about just using.  You are on community control in the 2018 case.  One of the violations was the new case in 2021.  Community control was continued even though you committed a new felony while on community control.  You were placed into a treatment program, given resources most people wouldn't believe and now you're standing before the court with another new felony conviction.

I'm all about helping people, but ultimately, the public must be protected from criminal activity.

And that's the point we are at now.

The trial court then made findings and imposed the sentences:

For the reasons stated, I find the following. That prison is consistent with the principles and purposes of sentencing; the defendant is not amenable to community control. I order that he serve the following sentences: 2018-3247, eleven months; 2021-1870, eleven months; 2022-2076, eighteen months. The sentences are ordered to be served consecutively.

As I stated, you're on community control and you commit a new offense and I have already recited your criminal history which requires consecutive sentences.

**{¶ 8}** In addition to imposing the consecutive prison sentences, the trial court notified Sprague that he would be subject to a discretionary period of post-release control for up to two years in case No. CR-2018-3247, 18 months in case No. CR-2021-1870, and two years in case No. CR-2022-2076.

**{¶ 9}** Notably, in the subsequent judgment entries, the trial court specifically found that consecutive sentences were

5.

necessary to protect the public from future crime or to punish the offender and are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The court further finds the defendant was on community control, and the defendant's criminal history demonstrates that consecutive sentences are necessary to protect the public * * *.

## II. Assignments of Error

{¶ 10} Sprague has timely appealed his judgments of conviction and now asserts one assignment of error for review:

1. The trial court did not make the findings required by R.C. 2929.14(C)(4) prior to imposing consecutive sentences.

The state has cross-appealed in case No. CR-2021-1870, raising as its assignment of error:

1. As to his conviction in CR-2021-1870, Appellant is subject to a discretionary term of post-release control of up to two years.

## III. Analysis

{¶ 11} Felony sentences are reviewed pursuant to R.C. 2953.08(G)(2), which provides, in pertinent part,

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and

6.

remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

## A. Consecutive Sentence Findings

{¶ 12} In his assignment of error, Sprague argues that the trial court failed to make the required findings under R.C. 2929.14(C)(4) at the sentencing hearing when it imposed consecutive sentences. R.C. 2929.14(C)(4) provides,

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 13} As an aside, the Ohio Supreme Court has recently spoken on the standard by which an appellate court should review a trial court's consecutive sentences findings. In *State v. Gwynne*, Slip Opinion No. 2023-Ohio-3851, ¶ 5, the Ohio Supreme Court reconsidered its prior decision in *State v. Gwynne*, 2022-Ohio-4607, --- N.E.3d ---, and held that "[t]he plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record."

8.

{¶ 14} This case, however, does not turn on the holdings in *Gwynne*.[1] Sprague does not ask this court to hold that the trial court's consecutive sentences findings were not supported by the record. Instead, Sprague argues that the trial court completely failed to make those findings at the sentencing hearing when it was required to do so.

{¶ 15} On that point, it is well-settled that "[i]n order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. "However, a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 16} Here, the trial court did not recite the findings required by R.C. 2929.14(C)(4). Nonetheless, the state argues that the record of the sentencing hearing demonstrates that the trial court engaged in the proper analysis. Upon careful review, it is evident that the trial court made some, but not all, of the required findings.

---

[1] This court sua sponte afforded the parties an opportunity to file supplemental briefing following the Ohio Supreme Court's reconsideration in *Gwynne*. The state filed a supplemental brief; Sprague did not.

9.

{¶ 17} Under R.C. 2929.14(C)(4), a trial court must find three things before it imposes consecutive sentences: (1) that consecutive sentences are necessary to protect the public or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the conditions in R.C. 2929.14(C)(4)(a)-(c) applies. *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 252.

{¶ 18} As to the first required finding, the trial court recounted Sprague's criminal history and his conduct during the proceedings of the most recent case. After noting that the prior interventions were unsuccessful, the court remarked, "I'm all about helping people, but ultimately, the public must be protected from criminal activity. And that's the point we are at now." From this, it can be determined that the trial court engaged in the proper analysis and found that consecutive sentences were necessary to protect the public or to punish the offender.

{¶ 19} Similarly, as to the third required finding, the trial court stated, "you're on community control and you commit a new offense and I have already recited your criminal history which requires consecutive sentences." Thus, the record demonstrates that the trial court engaged in the appropriate analysis and made the findings that R.C. 2929.14(C)(4)(a) and (c) applied.

**{¶ 20}** However, there is nothing in the sentencing transcript to demonstrate that the trial court made the second finding that consecutive sentences were not disproportionate to the seriousness of Sprague's conduct and to the danger he posed to the public. "Inherent in the proportionality finding is that a trial court engage in a weighing process, comparing or balancing these two factors, which it stands in the best position to do." *State v. Elmore*, 2016-Ohio-890, 60 N.E.3d 794, ¶ 58 (7th Dist.). Here, the trial court did not make a finding on the record regarding the proportionality of the consecutive sentences to Sprague's conduct, nor did it engage in a weighing process.

**{¶ 21}** Accordingly, because the trial court failed to make all of the required consecutive sentencing findings during the sentencing hearing, Sprague's sentence is contrary to law. *State v. Wadding*, 6th Dist. Erie No. E-21-006, 2021-Ohio-3266, ¶ 9. "Where the trial court fails to make a required finding at a sentencing hearing for consecutive sentences under R.C. 2929.14(C)(4), the error cannot be cured nunc pro tunc, and the proper remedy is remand for a new hearing." *Id.*, citing *State v. Resendez*, 6th Dist. Lucas No. L-20-1020, 2020-Ohio-6653, ¶ 11.

**{¶ 22}** Sprague's assignment of error is well-taken.

### B. Post-Release Control

**{¶ 23}** In its assignment of error on cross-appeal, the state argues that Sprague's sentence in case No. CR-2021-1870 is contrary to law because the trial court improperly notified Sprague that he was subject to a discretionary term of up to 18 months of post-

11.

release control, when he should be subject to a discretionary term of up to two years of post-release control.

{¶ 24} In support, the state cites R.C. 2967.28(C), which provides, in relevant part,

> Any sentence to a prison term for a felony of the third, fourth, or fifth degree that is not subject to division (B)(1) or (4) of this section shall include a requirement that the offender be subject to a period of post-release control of up to two years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender.

{¶ 25} The state notes that in case No. CR-2021-1870, Sprague was convicted of possession of a fentanyl-related compound in violation of R.C. 2925.11(A), (C)(11), and (C)(11)(a), a felony of the fifth degree. Because the felony that Sprague was convicted of was not subject to R.C. 2967.28(B)(1) (felony sex offenses) or R.C. 2967.28(B)(4) (felony of the third degree that is an offense of violence but not a felony sex offense), a discretionary period of post-release control of up to two years applies.

{¶ 26} Ultimately, however, because Sprague's conviction must be reversed and the matter remanded for resentencing based upon the trial court's failure to make the required findings under R.C. 2929.14(C)(4), the state's assignment of error on cross-appeal is moot. *See State v. Gideon*, 165 Ohio St.3d 156, 2020-Ohio-6961, 176 N.E.3d

12.

720, ¶ 26 ("[A]n assignment of error is moot when an appellant presents issues that are no longer live as a result of some other decision rendered by the appellate court"); *see also* App.R. 12(A)(1)(c).

## IV. Conclusion

**{¶ 27}** For the foregoing reasons, the judgments of the Lucas County Court of Common Pleas are reversed, and these matters are remanded to the trial court for resentencing.  Costs of this appeal are assessed to the state in accordance with App.R. 24.

Judgment reversed,<br>and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.          _____
                                                    JUDGE
Myron C. Duhart, P.J.

Charles E. Sulek, J.            _____
CONCUR.                                              JUDGE

                                _____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.