[Cite as *State v. Schaus*, 2024-Ohio-1515.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                                Court of Appeals No.  L-23-1146

    Appellee                                            Trial Court No.  CR0202102088

v.

Michael Schaus                                       **DECISION AND JUDGMENT**

    Appellant                                            Decided: April 19, 2024

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**SULEK, J.**

{¶ 1} Appellant, Michael Schaus, appeals the June 1, 2023 judgment of the Lucas County Court of Common Pleas sentencing him to consecutive prison terms totaling 180 months.  Because the trial court failed to make the required R.C. 2929.14(C)(4) findings at the sentencing hearing, the judgment is reversed and the matter is remanded for resentencing.

## I. Facts and Procedural Background

{¶ 2} On July 16, 2021, the Lucas County Grand Jury returned an indictment charging Schaus with 15 counts of pandering obscenity involving a minor, R.C. 2907.321(A)(5) and (C), all fourth-degree felonies.

{¶ 3} Pursuant to a plea agreement, Schaus pleaded guilty to Counts 1 through 10, with the state agreeing to dismiss Counts 11 through 15. At the May 1, 2023 plea hearing, the trial court informed Schaus that he faced a maximum sentence of 18 months on each count and a maximum fine of $5,000. The court also indicated that if the charges were ordered to be served consecutively, he faced a maximum of 180 months in prison and a $50,000 fine.

{¶ 4} During the May 30, 2023 sentencing hearing, Schaus and his counsel gave lengthy statements on his behalf expressing the belief that he needs mental health and substance abuse counseling. The trial court agreed that Schaus seemed genuine about the desire to make changes.

{¶ 5} Sentencing Schaus, the trial court stated that it considered the statements made, the letter Schaus wrote to the court, the presentence investigation report, and the law concerning the principles and purposes of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. The court then stated that Schaus had 57 prior criminal convictions, 67 as of the date of sentencing, and that 339 images of minor females engaged in sexual activities were found on his phone. The court further found that Schaus was on postrelease control when the offenses were committed.

2.

**{¶ 6}** The trial court then sentenced Schaus as follows:

As to each count, I order you to serve a prison term of 18 months. I find you're not amendable to community control, prison is consistent with the principles and purposes of sentencing.

I order that each count be served consecutive to one another for a total of 180 months in the state penitentiary.

In its June 1, 2023 sentencing entry, the trial court stated:

The Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness, recidivism and other relevant factors under R.C. 2929.12.

. . .

Court further finds the defendant is not amendable to community control and that prison is consistent with the purposes of R.C. 2929.11.

It is ORDERED that defendant serve a term of 18 Months in prison, as to Count 1; 18 Months in prison, as to Count 2; 18 Months in prison, as to count 3; 18 Months in prison, as to count 4; 18 Months in prison, as to count 5; 18 Months in prison, as to Count 6; 18 Months in prison, as to Count 7; 18 Months in prison, as to count 8; 18 Months in prison, as to count 9; and 18 Months in prison, as to count 10. The sentences are

3.

ordered to be served consecutively to one another, for a total period of incarceration of 180 Months.

Being necessary to fulfill the purposes of R.C. 2929.11 and 2929.14(C)(4), consecutive sentence[s] are necessary to protect the public from future crime or to punish the offender and are not disproportionate to the seriousness of the offender's conduct or to the danger the offender poses to the public. The court further finds the defendant's criminal history demonstrates that consecutive sentences are necessary to protect the public, therefore the sentences are ordered to be served consecutively.

{¶ 7} This appeal followed.

## II. Assignment of Error

{¶ 8} Schaus raises the following assignment of error on appeal:

Assignment of Error One: The trial court erred in sentencing appellant to consecutive sentences.

## III. Analysis

{¶ 9} Schaus' sole assignment of error challenges the trial court's imposition of consecutive sentences. Schaus claims that the court failed to make the findings required under R.C. 2929.14(C)(4) at the sentencing hearing

{¶ 10} Where a defendant challenges a trial court's consecutive-sentence findings, "R.C. 2953.08(G)(2)(a) directs the appellate court 'to review the record, including the findings underlying the sentence' and to modify or vacate the sentence 'if it clearly and

4.

convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code.'" *State v. Bonnell*, 2014-Ohio-3177, ¶ 28, quoting R.C. 2953.08(G)(2)(a); *see also State v. Jones*, 2024-Ohio-1083, ¶ 13.

{¶ 11} Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. *State v. Marcum*, 2016-Ohio-1002, ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 12} R.C. 2929.14(C)(4) requires a trial court to make three findings before imposing consecutive sentences. Specifically, the statute provides that a trial court may impose consecutive sentences on an offender if it finds "that the consecutive service is necessary to protect the public from future crime or to punish the offender," "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and that one of the following circumstances exists:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

5.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 13} Although the trial court is required to make the requisite findings both at the sentencing hearing and in the sentencing entry, it is not obligated to state reasons in support of its findings. *Jones*, 2024-Ohio-1083, at ¶ 11, citing *Bonnell*, 2014-Ohio-3177, at ¶ 37. "'Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.'" *Id*., quoting *Bonnell* at ¶ 37.

{¶ 14} Here, the trial court *did not* recite the necessary R.C. 2929.14(C)(4) findings at the sentencing hearing. Schaus, acknowledges that a "generous interpretation" of the sentencing transcript may support findings under R.C. 2929.14(C)(4) (a) and (c), but argues that the other findings, particularly the proportionality finding, was not made. Citing *State v. Johnson*, 2021-Ohio-2254 (6th Dist.), the state contends that a review of the sentencing transcript evidences that the trial court made the findings required to support consecutive sentences. Specifically, the state

6.

asserts that the trial court's reference to the seriousness and recidivism factors under R.C. 2929.12 also demonstrates that it engaged in the required proportionality review under R.C. 2929.14(C)(4).

{¶ 15} In *Johnson*, the defendant pleaded guilty to corrupting another with drugs, a second-degree felony. He was sentenced consecutively to a prison term he was already serving. *Id.* at ¶ 8. At the sentencing hearing, there was no specific mention of R.C. 2929.14(C)(4). *Id.* at ¶ 13. On appeal, this court determined that consecutive sentences were properly imposed based upon the trial court's findings including appellant's history of criminal convictions, the fact that the appellant had not responded favorably to sanctions, an ORAS score indicating a high likelihood of recidivism, and that a woman died as a result of appellant's actions. *Id.* at ¶ 22.

{¶ 16} More recently, in *State v. Sprague*, 2023-Ohio-4343 (6th Dist.), this court concluded that the trial court failed to conduct the proportionality analysis under R.C. 2929.14(C)(4) when imposing consecutive sentences. In *Sprague*, the court determined that under R.C. 2929.14(C)(4), the first required finding was made by the trial court's recounting of the defendant's criminal history, his unsuccessful prior interventions, and the need to protect the public. The third required finding was made by the court's statement that the defendant was on community control when the offenses were committed. As to the second finding, the court concluded:

> However, there is nothing in the sentencing transcript to demonstrate
> that the trial court made the second finding that consecutive sentences were

7.

not disproportionate to the seriousness of Sprague's conduct and to the danger he posed to the public. "Inherent in the proportionality finding is that a trial court engage in a weighing process, comparing or balancing these two factors, which it stands in the best position to do." *State v. Elmore*, 2016-Ohio-890, 60 N.E.3d 794, ¶ 58 (7th Dist.). Here, the trial court did not make a finding on the record regarding the proportionality of the consecutive sentences to Sprague's conduct, nor did it engage in a weighing process.

*Id.* at ¶ 20.

{¶ 17} Here, as in *Sprague*, even a liberal interpretation of the sentencing hearing demonstrates that the trial court failed to consider the propriety of imposing consecutive sentences against the seriousness of Schaus' conduct and the danger he poses to the public as required by R.C. 2929.14(C)(4). Further, we reject the state's argument that the seriousness and recidivism factors also support the required proportionality review because the court's findings under R.C. 2929.12 relate only to individual sentences and the determination of whether the offender is more or less likely to commit future crimes. *State v. Kiefer*, 2021-Ohio-3059, ¶ 17 (6th Dist.), citing *State v. Gwynne*, 2019-Ohio-4761. Imposition of consecutive sentences, however, requires that the court consider "whether consecutive sentences are not disproportionate to the danger the offender poses to the public." *Id.* at ¶ 18. Accordingly, because the trial court failed to make the required consecutive sentencing findings during the sentencing hearing, Schaus' sentence

8.

is contrary to law. *Sprague* at ¶ 21, citing *State v. Wadding*, 2021-Ohio-3266, ¶ 9 (6th Dist.). Schaus' assignment of error is well-taken.

## IV. Conclusion

{¶ 18} Based on the foregoing, the judgment of the Lucas County Court of Common Pleas is reversed, and the matter is remanded to the trial court for resentencing. Pursuant to App.R. 24, costs of this appeal are assessed to the state.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Gene A. Zmuda, J.

_____
JUDGE

Myron C. Duhart, J.

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.