[Cite as *State v. Gaston*, 2025-Ohio-1094.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                          Court of Appeals No.    L-24-1171
                                                                               L-24-1172
     Appellee
                                                       Trial Court No.  CR0202401118
                                                                         CR0202401452
v.

Wayne Gaston                                           **DECISION AND JUDGMENT**

     Appellant                            Decided:  March 28, 2025

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lorrie J. Rendle, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} In this consolidated appeal, appellant, Wayne Gaston, appeals from a judgment of sentence of the Lucas County Court of Common Pleas. For the reasons that follow, the trial court's judgment is affirmed.

**Statement of the Case and Facts**

**CR-24-1118**

{¶ 2} On January 24, 2024, a Lucas County Grand Jury returned a 3-count indictment charging Gaston with one count each of: 1) having weapons while under disability in violation of R.C. 2923.13(A)(2) and (B), a felony of the third degree (Count 1); 2) receiving stolen property in violation of R.C. 2913.51(A) and (C), a felony of the fourth degree (Count 2); and 3) carrying a concealed weapon in violation of R.C. 2923.12(A)(2) and (F)(1) and R.C. R.C. 2923.11, a felony of the fourth degree (Count 3). Counts 1 and 2 each also included a firearm specification in violation of R.C. 2941.141(A), (B), (C), and (F).

**CR-24-1452**

{¶ 3} On March 25, 2024, a Lucas County Grand Jury returned a 4-count indictment charging Gaston with one count each of: 1) having weapons while under disability in violation of R.C. 2923.13(A)(2) and (B), a felony of the third degree, including a firearm specification in violation of R.C. 2941.141(A), (B), (C), and (F) (Count 1); 2) carrying a concealed weapon in violation of R.C. 2923.12(A)(2) and (F)(1) and R.C. 2923.11, a felony of the fourth degree (Count 2); 3) burglary in violation of R.C. 2911.12(A)(2) and (D), a felony of the second degree (Count 3); and 4) tampering with evidence in violation of R.C. 2921.12(A)(1) and (B), a felony of the third degree (Count 4).

2.

**The combined plea hearing.**

{¶ 4} After several pre-trial hearings, and following negotiations with the State, a joint resolution was achieved in both cases. At a combined plea hearing held on June 13, 2024, Gaston entered a guilty plea to the following charges: Count 1 in case No. CR-24-1118, having weapons while under disability, excluding the attached firearm specification; and Count 1 in case No. 24-1452, having weapons while under disability, including the attached firearm specification.

{¶ 5} In exchange for Gaston's guilty pleas, all remaining charges in the indictments of both cases, including their respective firearm specifications, were to be dismissed at sentencing. The State further agreed to remain silent as to any sentencing recommendations.

{¶ 6} On July 9, 2024, a combined sentencing hearing was held. In accordance with the plea agreement, the State's prosecutor remained silent at the hearing. The trial court imposed an aggregate prison sentence of 5 years. Specifically, the court ordered Gaston to serve two 24-month prison terms for both counts of having weapons while under disability, and a mandatory consecutive term of 12 months for the attached firearm specification in case No. CR-24-1452. The court ordered that all three terms be served consecutively to one another. In addition, the trial court explained to Gaston that following his release from prison, he "may be placed on a discretionary term of Post

3.

Release Control for 1 to 3 years." A nolle prosequi was entered as to all remaining charges.

{¶ 7} On the morning of July 11, 2024, the trial court, prior to filing its sentencing entry, reconvened sentencing proceedings without objection by either party. Gaston was present and represented by defense counsel. The purpose of the additional proceedings was three-fold: 1) to place the court's consecutive sentencing findings on the record; 2) to clarify that Gaston was subject to up to two years of post-release control; and 3) to appoint appellate counsel. At the hearing, the trial court stated:

> As previously indicated for the record we are here on two separate case numbers, so the Court did order that you serve a term of 24 months as to the Weapons While Under Disability in case number 2024-1452 with the additional 1 year Firearm Specification imposed as a mandatory and consecutive term pursuant to 2929.141.
>
> The Court did impose 24 months as to the Having Weapons While Under Disability in case number 2024-1118. The Court ordered that those sentences were to be run consecutively to one another for a total stated prison term of 60 months in the State penitentiary. The Court makes a finding that consecutive sentences are necessary to protect the public from future crime or to punish the Defendant and not disproportionate to the seriousness of the Defendant's conduct or the danger the Defendant poses to the public and the Court further finds that the Defendant's criminal history requires those consecutive sentences and will mark as a Court's Exhibit, the Presentence Investigation and Report in this matter and admit that into the record.

4.

**{¶ 8}** In addition, the trial court specifically advised Gaston that following his release from prison, he "may be placed on a term of discretionary Post Release Control for up to two years." Finally, the court appointed appellate counsel.

**{¶ 9}** The journal entry memorializing Gaston's sentence was filed later that afternoon.[1] It relevantly states:

> The Court finds that the consecutive sentences imposed in this case and in case no. CR202401452, is necessary to protect the public from future crime or to punish the defendant, and not disproportionate to the seriousness of the defendant's conduct or the danger the defendant poses, the Court further finds the offenses were committed as part of one or more courses of conduct and the harm caused was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct and the defendant's criminal history requires consecutive sentences.

**{¶ 10}** Gaston now appeals his sentence.

## Assignment of Error

**{¶ 11}** On appeal, appellant asserts the following assignment of error:

> I.     THE COURT IMPROPERLY MODIFIED ITS
>        SENTENCING ORDER IN VIOLATION OF
>        CRIM.R. 36.

---

[1] It should be noted that although Gaston appeals the sentences imposed in CR-24-1118 and CR-24-1452, his merit brief only includes the judgment entry associated with CR-24-1118.

## Law and Analysis

**1. Crim.R. 36 was not implicated when the trial court reconvened sentencing proceedings.**

{¶ 12} In his sole assignment of error, Gaston claims that "the court improperly modified its sentencing order in violation of Crim.R. 36." Ohio Crim.R. 36 permits the court to correct at any time "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." However, as evidenced by the record in this case, which contains no nunc pro tunc entry whatsoever, the trial court never attempted to correct any kind of clerical error in connection with Gaston's sentence. Instead, after the conclusion of the reconvened sentencing proceedings, the trial court issued a single judgment entry containing the trial court's full and final sentencing order.

**2. The trial court retained authority over Gaston's sentence during the additional sentencing proceedings because it had not yet issued a valid order of conviction.**

{¶ 13} Gaston next argues that the trial court's "omission of the findings" constituted an improper "substantive modification" of his sentence and that his sentence is therefore "void."

{¶ 14} The Eighth District Court of Appeals, in *State v. Bryant*, 2022-Ohio-3669, considered a case in which a trial court held a hearing to "clarify" a defendant's sentence three days *after* the defendant's sentence had been journalized, and then, following the hearing, issued a nunc pro tunc journal entry "clarifying" the prison term imposed. On

6.

appeal, the Eighth District court concluded that the trial court's attempt to clarify the sentence amounted to an improper attempt to correct or modify the defendant's initial, voidable, sentence, and that the trial court, *following the issuance of its journalized sentence*, "lacked jurisdiction to correct the voidable sentencing error." *Id.* at ¶ 82-87. The court explained that "'if the sentencing court has subject-matter jurisdiction over the case and personal jurisdiction over the defendant, any sentencing error renders the sentence voidable, not void.'" *Id.* at ¶ 84, quoting *State v. Stansell*, 2021-Ohio-2036, ¶ 11 (8th Dist.), citing *State v. Harper*, ¶ 4, 2020-Ohio-2913 and *State v. Henderson*, 2020-Ohio-4784, ¶ 34. The court went on to state that "if a sentencing error renders the defendant's sentence voidable, the trial court no longer retains continuing jurisdiction to correct the sentencing error." *Id.* (Additional citations omitted.)

{¶ 15} The current case is distinguishable from *Bryant* in that here the judgment of conviction was not journalized until after the reconvened sentencing proceedings were concluded. The law is clear that "[a] criminal sentence is final upon the issuance of a final order." *State v. Carlisle*, 2011-Ohio-6553, ¶ 11, citing *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 337 (1997) (a trial court had authority to vacate a finding of guilt and imposition of sentence and order the defendant to face trial on a more serious charge because the judgment had never been journalized by the clerk pursuant to Crim.R. 32) and *State v. Baker*, 2008-Ohio-3330, syllabus, as modified by *State v. Lester*, 2011-Ohio-5204, at syllabus (a judgment of conviction is final when the order sets forth (1) the fact

7.

of the conviction; "(2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court"). Thus, the trial court retained authority over Gaston's sentence from the time the sentencing proceedings were reconvened until the trial court issued its judgment entry. As there was only one sentence imposed, and it was not void and was never modified, we dismiss Gaston's assertions to the contrary as meritless.

### 3. The trial court properly imposed consecutive sentences.

{¶ 16} Appellant next argues that the trial court "imposed consecutive prison sentences for the underlying offenses of having weapons while under disability, without making the required findings on the record to support consecutive sentences," and that "without the proper findings on July 9, 2024, the sentences for the offenses of having weapons while under disability are subject to the general rule of concurrent sentences, as stated in R.C. 2929.41(A)."

{¶ 17} Appellate review of felony sentences is governed by R.C. 2953.08(G). The statute provides that an appellate court may vacate or modify a disputed sentence on appeal only if it clearly and convincingly finds either that (1) "the record does not support the sentencing court's findings under [R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), or R.C. 2929.20(I)];" or (2) "the sentence is otherwise contrary to law." R.C. 2953.08(G)(2).

{¶ 18} Under R.C. 2929.14(C)(4), a trial court may impose consecutive sentences for convictions on multiple offenses if it finds that consecutive sentences: (1) are

8.

necessary to protect the public or to punish the offender; (2) are not disproportionate to

the seriousness of the offender's conduct and to the danger the offender poses to the

public; and (3) one of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*State v. Sprague*, 2023-Ohio-4343, ¶ 12 (6th Dist.), citing R.C. 2929.14(C)(4).

{¶ 19} "[I]t is well-settled that '[i]n order to impose consecutive terms of

imprisonment, a trial court is required to make the findings mandated by R.C.

2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing

entry, but it has no obligation to state reasons to support its findings.'" *Id.*, quoting *State

v. Bonnell*, 2014-Ohio-3177, syllabus.

{¶ 20} Gaston does not allege that the record does not support the trial court's

findings. He claims only that his sentence is contrary to law, because the court imposed

consecutive prison sentences for the underlying offenses of having weapons while under

9.

disability without making the required findings to support consecutive sentences *on July 9, 2024*. Although the court made no such findings during the initial sentencing hearing on July 9, there is no question that the court made the required findings during the reconvened proceedings on July 11, 2024, and then, later that day, journalized its first and only final sentencing entry in this matter. Gaston cites no authority suggesting that the trial court may not correct the record in this way before issuing its final sentencing entry. Because the trial court made the requisite consecutive sentencing findings on the record and subsequently incorporated them into its sentencing entry, Gaston's 5-year aggregate sentence is not contrary to law.

### 4. Gaston was not prejudiced when the trial court reconvened sentencing proceedings in order to do so.

{¶ 21} Lastly, Gaston suggests that he suffered prejudice when "[t]he court arguably prevented appellant from being shipped to a state institution prior to July 11, 2024, by scheduling the second hearing date, and arranging for him to be present." But Gaston points to nothing in the record to indicate that he was not afforded credit for the two days between July 9, when the sentencing hearing began, and July 11, when the sentencing hearing was reconvened. Therefore, Gaston has failed to establish that he was prejudiced in any way by the court's reconvened sentencing proceedings.

{¶ 22} For the foregoing reasons, Gaston's sole assignment of error is found not well-taken.

10.

**Conclusion**

**{¶ 23}** The judgment of the Lucas County Court of Common Pleas is affirmed.

Appellant is ordered to pay the costs of appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.

_____
JUDGE

Gene A. Zmuda, J.

_____
JUDGE

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.