**[Cite as *State v. Disher*, 2025-Ohio-1287.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No.  L-24-1142

      Appellee                                   Trial Court No.  CR0202401021

v.

William Disher                                        **DECISION AND JUDGMENT**

      Appellant                                  Decided:  April 11, 2025

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Randy L. Meyer, Assistant Prosecuting Attorney, for appellee.

Tyler Naud Jechura, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} Appellant, William Disher, appeals from the May 22, 2024 judgment of the Lucas County Court of Common Pleas convicting him of one count of domestic violence, one count of failure to comply with a signal of a police officer, and ordering him to serve the prison terms imposed on those offenses consecutive to prison terms imposed in other cases.  For the following reasons, we affirm the trial court's judgment.

## A. Facts and Procedural Background

{¶ 2} On January 4, 2024, appellant was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(2) and (D), a second-degree felony; one count of domestic violence in violation of R.C. 2919.25(A)(D)(1) and (D)(3), a fourth-degree felony; and one count of failure to comply with the signal of a police officer in violation of R.C. 2921.331(B), (C)(1), and (C)(5)(a)(ii), a third-degree felony.  Appellant appeared for his arraignment on January 9, 2024.  At that time, he was declared indigent, appointed counsel, and entered a not guilty plea to all three counts.

{¶ 3} Following negotiations with the state, appellant appeared for a change of plea hearing on April 30, 2024.  There, appellant withdrew his previous not guilty plea and entered a guilty plea to counts 2 and 3 of the indictment—domestic violence and failure to comply with a signal of a police officer.  In exchange for the guilty pleas, the state agreed to seek dismissal of the felonious assault count at sentencing.  The trial court accepted appellant's guilty plea to each count and set the matter for sentencing on May 21, 2024.

{¶ 4} At sentencing, the trial court noted that any sentence imposed on the failure to comply count must be run consecutive to any other prison terms imposed on appellant, pursuant to R.C. 2929.331(D).  The trial court then imposed a prison term of 12 months on appellant's domestic violence count and 24 months on appellant's failure to comply count.  The trial court ordered appellant to serve those sentences consecutively for an aggregate prison term of 36 months.  The trial court also ordered appellant to serve the

2.

aggregate sentence consecutive to prison terms recently imposed in Lucas County Court of Common Pleas case Nos. CR202202143 and CR202202503.  The trial court then dismissed count 1 pursuant to the plea agreement.  The trial court memorialized appellant's sentences in a judgment entry that same day.

## B.  Assignments of Error

{¶ 5} Appellant timely appealed and asserts the following error for our review:

> 1.  The trial court erred when it sentenced [appellant] to consecutive sentences without stating the appropriate findings as required by statute.

## II.  Law and Analysis

{¶ 6} In his single assignment of error, appellant argues that the trial court improperly ordered him to serve his sentences consecutively because it did not make the required statutory findings under R.C. 2929.14(C)(4) to impose consecutive sentences.  At the outset, we note that appellant's assignment of error suggests that this court should review both whether the trial court erred in ordering him to serve the sentences imposed *in this case* consecutively *and* whether the trial court erred in ordering those sentences to be served consecutively with sentences imposed in other cases due to the trial court's purported failure to make the necessary R.C. 2929.14(C)(4) findings.  However, the order to serve the prison terms imposed in the present case consecutively did not arise from the trial court's findings under R.C. 2929.14(C)(4), but from R.C. 2921.331(D), which states:

> [i]f an offender is sentenced to a prison term for [failure to comply by fleeing in a vehicle], the offender shall serve the prison term consecutively to any other prison term * * * imposed upon the offender.

3.

The trial court noted the mandatory consecutive service of the sentences imposed on appellant's domestic violence and failure to comply convictions at sentencing. As a result, the consecutive service of those prison terms does not arise from the trial court's findings under R.C. 2929.14(C)(4) and is not subject to our review in this appeal.

{¶ 7} Having clarified the scope of this appeal, we turn to our review of the trial court's order that appellant serve the sentences imposed in this case consecutive to the sentences imposed in Lucas County Court of Common Pleas case Nos. CR202202143 and CR202202503. "A trial court may order an offender to serve sentences * * * consecutively with a sentence imposed by another court." *State v. McIntoush,* 2024-Ohio-2284, ¶ 16, fn. 4 (6th Dist.), citing *State v. Bates,* 2008-Ohio-1983, ¶ 19. "The same requirements for a trial court to impose consecutive sentences within a case apply to consecutive sentences from two different cases[.]" *Id.,* citing *State v. Jarmon,* 2018-Ohio-4710, ¶ 12. To impose consecutive sentences, "[t]he trial court must find:

> (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the findings listed in R.C. 2929.14(C)(4)(a), (b), or (c).

{¶ 8} The potential findings in R.C. 2929.14(C)(4)(a), (b), or (c) are as follows:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the

4.

multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.* at ¶ 16-17, citing *State v. Beasley,* 2018-Ohio-493. Those findings must be made both at the sentencing hearing and must be incorporated into the judgment entry. *Id.* at 16; R.C. 2929.14(C)(4). The trial court is not required to "give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.* at ¶ 18. Appellant argues that the trial court erred in imposing consecutive sentences "without stating the appropriate findings as required by statute."

{¶ 9} We review felony sentences pursuant to R.C. 2953.08(G)(2)(a) which directs appellate courts to "review the record, including the findings underlying the sentence, and to modify or vacate the sentence if [we] clearly and convincingly find * * * that the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]." Having reviewed the record, we find that appellant has not identified clear and convincing evidence that the trial court erred in ordering his sentences to be served consecutively with those imposed in Lucas County Court of Common Pleas case Nos. CR202202143 and CR202202503.

5.

**{¶ 10}** First, despite appellant's argument, the record reveals that the trial court expressly made all findings necessary at both his sentencing hearing and in its judgment entry. The trial court stated:

> the court finds that consecutive sentences are necessary to protect the public from future crime or to punish the defendant and not disproportionate to the seriousness of the defendant's conduct or to the danger the defendant poses to the public and the court further finds that defendant's criminal history requires consecutive sentences.

Thus, the trial court directly made all three necessary findings under R.C. 2929.14(C)(4) to order appellant to serve consecutive sentences. Second, those findings were incorporated into the trial court's judgment entry, thereby satisfying the requirements necessary to impose consecutive sentences. *See McIntoush* at ¶ 16.

**{¶ 11}** Appellant argues that the trial court's order to serve his sentences consecutively with previously imposed sentences should be vacated in light of this court's holding in *State v. Schaus,* 2024-Ohio-1515 (6th Dist.). We disagree. The issue before this court in *Schaus* was whether the record showed that the trial court made the required disproportionality finding under R.C. 2929.14(C)(4), despite not expressly stating that it had. *Schaus* at ¶ 14-17. We reviewed the record and determined that the trial court's consideration of appellant's criminal history at sentencing related only to whether each offense warranted the imposition of a prison term. *Id.* at ¶ 17. The record showed that the trial court did not, however, consider whether the imposition of consecutive sentences "was disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.;* R.C. 2929.14(C)(4). Because the

6.

record showed that the trial court did not make the required proportionality finding, we reversed the trial court's judgment and remanded the matter to the trial court for resentencing. *Id.* at ¶ 18.

{¶ 12} Our holding in *Schaus* is entirely distinguishable from the present appeal. Here, the trial court expressly made each finding required under R.C. 2929.14(C)(4) when it imposed consecutive sentences. Unlike in *Schaus,* we do not have to review the entire record to determine whether the trial court made those findings. As a result, *Schaus* offers no support for appellant's argument that the trial court did not make the necessary findings. Notably, appellant does not allege that the trial court's findings were not supported by the record as described in R.C. 2953.08(G)(2)(a). Therefore, since we determined that the trial court made all necessary findings under R.C. 2929.14(C)(4) at both the sentencing hearing and in its judgment entry, we find appellant's single assignment of error not well-taken.

### III. Conclusion

{¶ 13} For these reasons, we find appellant's single assignment of error not well-taken and we affirm the May 22, 2024 judgment of the Lucas County Court of Common Pleas.

7.

**{¶ 14}** Appellant is ordered to pay the costs of this appeal pursuant to App.R.24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.

Gene A. Zmuda, J.

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.