[Cite as *State v. Wadding*, 2025-Ohio-1953.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                     Court of Appeals No.  E-24-015

Appellee                                          Trial Court No.  2019 CR 30

v.

Shain A. Wadding                                  **DECISION AND JUDGMENT**

Appellant                                         Decided: May 30, 2025

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and,
Kirstin R. Palmer, Assistant Prosecuting Attorney, for appellee.

Henry Schaefer, for appellant.

* * * * *

**SULEK, P.J.**

{¶ 1} Appellant Shain Wadding appeals the judgment of the Erie County

Court of Common Pleas, convicting him of two counts of unlawful sexual conduct

with a minor and sentencing him to two consecutive 42-month prison terms. For the following reasons, the trial court's judgment is affirmed.

## I. Factual Background and Procedural History

{¶ 2} On December 15, 2020, Wadding pleaded guilty to two counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) and (B)(3), felonies of the third degree. The trial court sentenced him to 42 months in prison on each count and ordered them to be served consecutively for a total prison term of 84 months. On appeal, this court reversed and remanded for resentencing, holding that the trial court failed to make the required findings for consecutive sentences at the sentencing hearing. *State v. Wadding*, 2021-Ohio-3266, ¶ 9 (6th Dist.). This court's mandate was entered on September 17, 2021.

{¶ 3} Upon remand, nothing occurred until defense counsel McGookey filed a notice of substitution of counsel and request for discovery on January 10, 2022. The State responded to the discovery request on February 8, 2022. The trial court scheduled resentencing for March 22, 2022.

{¶ 4} On March 16, 2022, defense counsel Felter filed a notice of substitution of counsel and a motion to continue the resentencing hearing. Attorney McGookey subsequently withdrew as defense counsel.

{¶ 5} No further activity occurred until May 8, 2023, when defense counsel Bailey filed his notice of substitution of counsel. On October 31, 2023, attorney Bailey moved to modify Wadding's sentence. The trial court scheduled a resentencing hearing for December 19, 2023.

2.

{¶ 6} At the resentencing hearing, the trial court failed to make any of the findings required for consecutive sentences under R.C. 2929.14(C)(4). Attorney Bailey thus objected to the trial court's resentencing, also arguing that Wadding's due process rights had been violated by the delay.

{¶ 7} A second resentencing hearing was then scheduled for February 13, 2024. At this hearing, the trial court made the appropriate findings and resentenced Wadding to the same 84-month prison term that had originally been imposed.

## II. Assignment of Error

{¶ 8} Wadding timely appeals his judgment of conviction following the second resentencing hearing, asserting one assignment of error for review:

> 1. The extraordinary delay in sentencing violated Mr. Wadding's due process rights and is a violation of Crim. R. 32.

## III. Analysis

{¶ 9} In his assignment of error, Wadding limits his argument to the delay in resentencing. He does not contest the sentence itself or any of the trial court's findings relative to the imposition of consecutive sentences.

{¶ 10} Wadding argues that the 29-month delay between the remand for resentencing on September 17, 2021, and his actual resentencing on February 13, 2024, violated Crim.R. 32 and his due process rights.

{¶ 11} At the outset, Crim.R. 32(A) provides that "[s]entence shall be imposed without unnecessary delay." In *State v. Berry*, 2021-Ohio-2249, ¶ 15 (6th

3.

Dist.), this court, citing numerous cases, affirmed that "the 'without unnecessary delay' provision of Crim.R. 32(A) does not apply to an offender's resentencing on remand after an appeal."  Thus, the 29-month delay in resentencing did not violate any of Wadding's rights under Crim.R. 32.

{¶ 12} Regarding whether Wadding's due process rights were violated, Ohio courts have recognized that "[a] delay in resentencing after remand can 'run afoul of due process guarantees.'"  *See, e.g., State v. Creech*, 2017-Ohio-6951, ¶ 15 (4th Dist.), quoting *United States v. Sanders*, 452 F.3d 572, 580 (6th Cir. 2006). Appellate courts, however, "have generally held that when the defendant has been incarcerated during the length of the delay, and would not have been eligible for release during that time period, no prejudice exists."  *Creech* at ¶ 17.

{¶ 13} For example, in *Creech*, the Fourth District held that a five-year delay in resentencing did not result in prejudice because the defendant was serving a 15-year prison sentence that was not disturbed on appeal.  *Id.* at ¶ 4, 19. Likewise, in *State v. Bolton*, 2016-Ohio-5706, ¶ 25 (8th Dist.), the Eighth District held that there was no prejudice in a 27-month delay in resentencing where the defendant was sentenced to a 10-year prison term that was not disturbed on appeal.

{¶ 14} In this case, Wadding was ordered to serve 42 months in prison on each count, consecutive to one another.  Even if the trial court had ordered the offenses to be served concurrently, he still would not have been eligible for release during the 29-month delay in his resentencing.  Wadding, therefore, has suffered no prejudice from the delay and his due process rights have not been violated.

4.

**{¶ 15}** Accordingly, Wadding's assignment of error is not well-taken.

## IV. Conclusion

**{¶ 16}** Because the 29-month delay in resentencing did not violate Crim.R. 32(A) or Wadding's right to due process, the judgment of the Erie County Court of Common Pleas is affirmed. Wadding is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.

_____
JUDGE

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.