[Cite as *State v. Schaus*, 2025-Ohio-18.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No.  L-24-1125

      Appellee                             Trial Court No.  CR0202102088

v.

Michael Schaus                           **DECISION AND JUDGMENT**

      Appellant                            Decided:  January 3, 2025

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Tyler Naud Jechura, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} Appellant, Michael Schaus, appeals the May 2, 2024 judgment of the Lucas County Court of Common Pleas, imposing consecutive sentences of 18 months on each count, following Schaus's guilty plea and conviction as to 10 counts of pandering obscenity in violation of R.C. 2907.321(A)(5) and (C), for a total sentence of 180 months.

**{¶ 2}** Based upon our review of the record, we find that the trial court made the necessary R.C. 2929.14(C) findings at resentencing and that Schaus failed to demonstrate trial court's consecutive sentence findings are clearly and convincingly not supported by the record. Accordingly, we affirm the judgment of the trial court.

**{¶ 3}** This is the second time this matter is before us. We previously reversed and remanded this case for resentencing due to the trial court's initial failure to make the required statutory R.C. 2929.14(C) findings when imposing consecutive sentences. The facts and procedural history of this case follow.

**{¶ 4}** On July 16, 2021, Schaus was indicted on 15 counts of pandering obscenity to a minor, violations of R.C. 2907.321(A)(5) and (C), all 4th degree felonies. Schaus entered a guilty plea to 10 of the counts – and the remaining counts were dismissed. On May 30, 2023, the trial court sentenced Schaus to a term of imprisonment of 18 months in prison on each count and ordered the sentences to be served consecutively, for a total term of imprisonment of 180 months.

**{¶ 5}** Schaus appealed his sentence and argued that the trial court failed to make the necessary R.C. 2929.14(C) findings before imposing consecutive sentences. As noted, we found that the trial court failed to make the necessary R.C, 2929.14(C) findings before imposing consecutive sentences, and reversed and remanded the matter for resentencing. *See State v. Schaus*, 2024-Ohio-1515 (6th Dist.)

2.

**{¶ 6}** Schaus was then resentenced on May 1, 2024. The trial court again imposed a sentence of 18 months of imprisonment with respect to each of the 10 counts of pandering obscenity in violation of R.C. 2907.321(A)(5) and (C), and again elected to impose consecutive sentences for a total term of imprisonment of 180 months.

**{¶ 7}** Schaus timely appealed the May 2 judgment and again asserts a single assignment of error:

**{¶ 8}** The Trial Court erred when it sentenced Mr. Schaus to consecutive sentences.

## Standard of Review

**{¶ 9}** This court reviews felony sentencing challenges under R.C. 2953.08(G)(2). *See State v. Kleinhans*, 2023-Ohio-2621, ¶ 24 (6th Dist.).  Pursuant to R.C. 2953.08(G)(2), an appellate court "may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing" only if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
> (b) That the sentence is otherwise contrary to law.

3.

**Consecutive Sentence Findings**

{¶ 10} Schaus challenges the trial court's imposition of consecutive sentences under R.C. 2929.14(C)(4). Under that section, where a trial court imposes multiple prison terms for convictions of multiple offenses, it may require the offender to serve the prison terms consecutively if it finds that "consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, . . ." and if it also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 11} Thus, this statute requires the trial court to make three statutory findings before imposing consecutive sentences. *State v. Beasley*, 2018-Ohio-493, ¶ 252; *State v. Bonnell*, 2014-Ohio-3177, ¶ 26. It must find that (1) consecutive sentences are necessary to protect the public or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public; and (3) R.C. 2929.14(C)(4)(a), (b), or (c) is applicable.

4.

*Beasley* at ¶ 252.  "[T]he trial court must make the requisite findings *both* at the sentencing hearing and in the sentencing entry."  (Emphasis in original.)  *Id.* at ¶ 253, citing *Bonnell* at ¶ 37.  While "a word-for-word recitation of the language of the statute is not required, . . ." a reviewing court must be able to discern that the trial court engaged in the correct analysis and the record must contain evidence to support the trial court's findings.  *Bonnell* at ¶ 29.

{¶ 12} Importantly, "[t]he plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record."  *State v. Gwynne*, 2023-Ohio-3851, ¶ 5 (lead opinion).  *Gwynne*, as a plurality opinion, is merely persuasive authority.  *State v. Mills*, 2023-Ohio-4716.  The Ohio Supreme Court clarified our standard of review of consecutive sentence findings in *State v. Jones*, 2024-Ohio-1083.  There, the court held that "[c]onformity with R.C. 2929.14(C)(4) requires the trial court to 'note that it engaged in the analysis and that it 'has considered the statutory criteria and specified which of the given bases warrants its decision.'"  *Id.* at ¶ 14.  "[A] reviewing court must be able to ascertain from the record evidence to support the trial court's findings."  *Id.*  The imposition of consecutive sentences will be upheld "provided the necessary findings can be found in the record and are incorporated in the sentencing entry."

{¶ 13} The "clear and convincing evidence" required by R.C. 2953.08(G)(2) is "'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Gwynne* at ¶ 14, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. An appellate court "must have a firm belief or conviction that the record does not support the trial court's findings before it may increase, reduce, or otherwise modify consecutive sentences." *Id.* at ¶ 15.

{¶ 14} Appellant asserts in conclusory fashion that the trial court made none of the required findings under R.C. 2929.14(C)(4) neither at the May 1sentencing hearing nor in the May 2 sentencing entry.

**The trial court's consecutive sentence findings**

{¶ 15} Our review of the record reveals the trial court made the necessary consecutive sentence findings under R.C. 2929.14(C). We note that the trial court commented upon appellant's extensive criminal record (which consists of 57 prior criminal convictions). With respect to the facts giving rise to appellant's pleas and convictions, appellant was found to have 340 images of minors on a telephone. The court observed that Schaus committed the instant offenses while on post-release control, and specifically stated that "Consecutive sentences are necessary to protect the public from

6.

future crime | and to punish the defendant and are not disproportionate to the seriousness of the defendant's conduct or the danger the defendant poses to the public."

{¶ 16} We also note that the May 2 sentencing entry contains the following findings with respect to consecutive sentencing:

> Being necessary to fulfill the purposes of R.C. 2929.11 and 2929.14(C)(4), consecutive sentence are necessary to protect the public from future crime or to punish the offender and are not disproportionate to the seriousness of: the offender's conduct and to the danger the offender poses to the public. The court further finds the defendant was on post release control , and the defendant's criminal history demonstrates that consecutive sentences are necessary to protect the public, therefore the sentences are ordered to be served consecutively.

{¶ 17} Thus, based upon our review of the sentencing transcript and the sentencing entry, we find that the trial court made the necessary consecutive sentencing findings at the sentencing hearing and in the sentencing entry under R.C. 2929.14(C)(4), and Schaus has failed to establish that the trial court's consecutive sentence findings are clearly and convincingly not supported by the record. *See e.g., State v. Johnson*, 2021-Ohio-2254, ¶ 22 (6th Dist.) ("[W]e can conclude from the trial court's language that the trial court found that appellant's extensive record related to a history of criminal conduct that demonstrated all of the following: (1) a need to protect the public from future crime or to punish appellant, (2) a need for consecutive sentences to protect the public from future crime, (3) that consecutive sentences would not be disproportionate to the seriousness of appellant's conduct, and (4) that consecutive sentences would not be

7.

disproportionate to the danger appellant poses to the public.*")*. Accordingly, appellant's sole assignment of error is found not well-taken.

{¶ 18} The May 2, 2024 judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Gene A. Zmuda, J.

_____

Myron C. Duhart, J.
CONCUR.

JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.