[Cite as *Huffer v. Brown*, 2013-Ohio-4384.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Roy H. Huffer, III, | : | |
| Plaintiff-Appellant, | : | No. 12AP-1086 |
| | | (C.P.C. No. 10CV-9305) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| James Wilmore Brown, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on October 3, 2013

*Roy H. Huffer, III*, pro se.

*Reminger Co., LPA, Gregory D. Brunton* and *Zachary B. Pyers*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

O'GRADY, J.

{¶ 1} Plaintiff-appellant, Roy H. Huffer, III, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, James Wilmore Brown. For the following reasons, we affirm.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On June 22, 2010, appellant, acting pro se, filed a complaint alleging appellee committed legal malpractice while representing him in a divorce action. Appellant further alleged appellee's actions caused him duress throughout the divorce proceedings. In his answer, appellee asserted a counterclaim for legal fees and attached a fee agreement signed by both parties. Appellant responded to appellee's counterclaim and denied he owed appellee "any valid fees." (R. 18, at 9.)

{¶ 3} On September 23, 2011, appellee filed a motion for summary judgment arguing he was entitled to judgment as a matter of law on appellant's malpractice claim. In his October 20, 2011 memorandum contra, appellant provided an affidavit from his father, attorney Roy H. Huffer, to support his malpractice claim. Mr. Huffer asserted appellee "showed a stubborn and willful attitude resulting in reckless disregard of [appellant's] best interests in his handling of [appellant's] divorce action." (R. 25, exhibit C.) He also indicated his willingness to serve as an expert witness for appellant's malpractice claim.

{¶ 4} On November 28, 2011, the trial court issued a decision and entry granting appellee's motion for summary judgment. The court acknowledged appellant's arguments and his father's affidavit, and determined appellant did not meet his burden of demonstrating malpractice. The court found there was no evidence appellee acted unreasonably while representing appellant, or that his legal representation affected the settlement value of the divorce case. The court addressed appellant's duress allegations by finding he did not allege illegal or unlawful conduct on the part of appellee, nor did he provide any legal authority to support his position.

{¶ 5} On December 28, 2011, appellant filed an appeal from the November 28, 2011 decision. This court dismissed that appeal because appellee's counterclaim for legal fees was still pending before the trial court, and the November 28, 2011 decision did not contain Civ.R. 54(B) language. Thus, we lacked a final appealable order.

{¶ 6} Once back in the trial court, appellee filed a motion for summary judgment regarding his claim for unpaid fees on July 27, 2012. Appellee argued he billed appellant for a reasonable number of hours worked at the hourly rate specified in their mutually executed fee agreement. Appellee further asserted appellant did not dispute the reasonableness of the rate or the hours expended, nor did he allege appellee billed for hours he did not work. Instead, appellant refused to pay the fees based on his malpractice allegations. Because the trial court had already determined appellee did not commit malpractice, appellee asserted he was entitled to recover his legal fees. Appellant filed a memorandum contra on September 17, 2012, but the trial court struck it from the record for being untimely.

{¶ 7}   On November 29, 2012, the trial court granted appellee's July 27, 2012 motion for summary judgment and found no genuine issue of material fact regarding appellant's liability to appellee for the outstanding fees and, thus, ordered appellant to pay appellee the balance plus interest.  It is from that judgment appellant now appeals to this court.

## II.  ASSIGNMENTS OF ERROR

{¶ 8}   Appellant presents the following assignment of error for this court's review:

> The lower court committed error by disregarding my second memo contra (new CIO system programming errors) and <u>did not address the issues</u> in my first memo contra to the Defendants Motion for Summary Judgment.   That is; Defendant waited over ten months to motion for my release of stocks, as I requested numerous times, which cost me over $14,000.  And the Defendant proceeded with a second Rule 75 ignoring my instructions to go directly to the unbiased Judge; ultimately the magistrate again assigned the outrages [sic] support of $1400 per month without evidence and again ignored the tax filings per law.  Then the Defendant had the audacity to bill me for this second time (costs of his motion, filing fees, court time, brief after the hearing, etc) All this led to me going in a financial hole and the fear of jail time.  Never been jailed and scared of it!

(Emphasis sic.)   We construe appellant's submission as two separate assignments of error: (1) whether the trial court erred by striking appellant's September 17, 2012 memorandum contra from the record; and (2) whether the trial court failed to address the issues in appellant's October 20, 2011 memorandum contra to appellee's September 23, 2011 motion for summary judgment.

## III.  DISCUSSION

{¶ 9}   Preliminarily, we note appellant is representing himself on appeal as he did in the trial court.  While the law permits a litigant to act as his own attorney, those who do are generally " 'held to the same standard as litigants who are represented by counsel.' " *Hardy v. Belmont Corr. Inst.*, 10th Dist. No. 06AP-116, 2006-Ohio-3316, ¶ 9, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (10th Dist.2001). Thus, like members of the bar, pro se litigants are required to comply with the rules of practice and procedure.  *Id.*

{¶ 10} With that in mind, we note appellant attempted to amend his assignments of error in his reply brief by adding new facts and assertions. (*See* Appellant's corrected reply brief, at 3-4.) Specifically, appellant described difficulties with the clerk of courts' electronic filing system during this appeal, he alleged the trial court failed to address the allegations in his complaint, and he asserted this appeal should not count against his right to appeal should the trial court once again rule without fully addressing his arguments. It is improper to use a reply brief to raise new issues or assignments of error. *Durham v. Pike Cty. Joint Vocational School*, 4th Dist. No. 01CA679, 2002-Ohio-6300, ¶ 12, citing *Sheppard v. Mack*, 68 Ohio App.2d 95, 97 (8th Dist.1980), fn. 1. Therefore, we will not consider appellant's assignments of error as modified in his reply brief. *See Columbus v. Aleshire*, 187 Ohio App.3d 660, 2010-Ohio-2773, ¶ 11 (10th Dist.).

{¶ 11} Furthermore, appellant makes factual allegations and arguments in both his merit brief and reply brief that are not pertinent to his assignments of error. Pursuant to App.R. 12(A)(1)(b), an appellate court must " 'determine [an] appeal on its merits on the assignments of error set forth in the briefs under App.R. 16.' Thus, this court rules on assignments of error only, and will not address mere arguments." *Ellinger v. Ho*, 10th Dist. No. 08AP-1079, 2010-Ohio-553, ¶ 70, quoting *In re Estate of Taris*, 10th Dist. No. 04AP-1264, 2005-Ohio-1516, ¶ 5. Accordingly, we address appellant's assignments of error as written and disregard his extraneous arguments. *Bonn v. Bonn*, 10th Dist. No. 12AP-1047, 2013-Ohio-2313, ¶ 9. Namely, we recognize that appellant's arguments suggest he believes the November 28, 2011 grant of summary judgment was improper; however, he did not assign error to the judgment itself, nor did he cite any legal authority to support such a position. Thus, we will not develop arguments for appellant that he did not properly bring before this court.

{¶ 12} Finally, we note that we may disregard appellant's assignments of error entirely because he did not cite any legal authority in his briefs. As we recently stated:

> The burden of affirmatively demonstrating error on appeal rests with the party asserting error. *State ex rel. Petro v. Gold*, 166 Ohio App.3d 371, 392, 850 N.E.2d 1218 (10th Dist.2006), citing App.R. 9; App.R. 16. Pursuant to App.R. 16(A)(7), an appellant must present his or her contentions with respect to each assignment of error presented for review and the reasons in support of those contentions, including citations to legal

> authorities. According to App.R. 12(A)(2), we may disregard an assignment of error if an appellant fails to cite to any legal authority in support of an argument as required by App.R. 16(A)(7). *See, e.g., In re C.C.*, 10th Dist. No. 04AP-883, 2005-Ohio-5163, ¶ 80; *Hall v. Tucker*, 161 Ohio App.3d 245, 263, 829 N.E.2d 1259, 2005-Ohio-2674; *State v. Martin*, 12th Dist. No. CA99-01-003 (July 12, 1999); *Meerhoff v. Huntington Mtge. Co.*, 103 Ohio App.3d 164, 169, 658 N.E.2d 1109 (3d Dist.1995). "[F]ailure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." *Kremer v. Cox*, 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (9th Dist.1996).

*Lundeen v. State Med. Bd. of Ohio*, 10th Dist No. 12AP-629, 2013-Ohio-112, ¶ 16. However, with that said, we will review appellant's very limited and specific assignments of error in the interest of justice.

{¶ 13} In his first assignment of error, appellant asserts the trial court erred in striking his September 17, 2012 memorandum contra from the record. Appellant does not contest he filed the memorandum beyond the court's deadline, nor does he cite any legal authority to support his contention that the trial court erred. He claims, instead, that he attempted to file a motion for an extension of time to file the memorandum on August 13, 2012. He alleges his request for an extension of time did not reach the court because of a glitch in the clerk of courts' electronic filing system. Appellant assumed the motion for an extension of time reached the court, and he assumed it was granted; thus, he filed his memorandum contra on September 17, 2012 without seeking leave of court.

{¶ 14} We review the trial court's decision to strike appellant's memorandum contra from the record for an abuse of discretion, which exists when the trial court's attitude in reaching its decision was unreasonable, arbitrary or unconscionable. *Pilz v. Dept. of Rehab. & Corr.*, 10th Dist. No. 04AP-240, 2004-Ohio-4040, ¶ 6; *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 15} The trial court struck appellant's memorandum because it was filed over one month late, and because appellant did not seek leave of court to file it late. There is no evidence in the record appellant filed a motion for an extension of time. Even if he had filed it on August 13, 2012, that date was already three days past the court's deadline to file his memorandum contra. *See* Loc.R. 21.01. Ultimately, with no indication that the

motion for an extension of time was filed or ruled on, appellant filed his memorandum contra over one month late without seeking leave of court, or even mentioning the motion for an extension of time. Under these circumstances, we do not find the trial court abused its discretion in striking appellant's September 17, 2012 memorandum contra from the record. Accordingly, we overrule appellant's first assignment of error.

{¶ 16} In his second assignment of error, appellant alleges the trial court did not address the issues raised in his October 20, 2011 memorandum contra when it ruled on appellee's first motion for summary judgment. We disagree.

{¶ 17} The trial court acknowledged appellant's memorandum contra, and summarized his factual allegations in its November 28, 2011 decision and entry granting appellee's motion for summary judgment. The trial court also quoted several passages directly from the memorandum, and analyzed the attached affidavit of Roy H. Huffer. Finally, the trial court noted appellant's memorandum did not contain any legal authority. Thus, it is apparent the trial court considered appellant's October 20, 2011 memorandum contra when it ruled on appellee's September 23, 2011 motion for summary judgment. Accordingly, we overrule appellant's second assignment of error.

## IV. CONCLUSION

{¶ 18} Therefore, having overruled both of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT, P.J., and TYACK, J., concur.

_____