[Cite as *State v. McCune*, 2025-Ohio-1950.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                             Court of Appeals No.  OT-24-020

    Appellant                                          Trial Court No.  2022 CRI 0253

v.

Richard McCune                                     **DECISION AND JUDGMENT**

    Appellee                                           Decided:  May 30, 2025

* * * * *

Brian A. Smith, for appellant.

* * * * *

**ZMUDA, J.**

{¶ 1} Appellant, Richard L. McCune, appeals the April 9, 2024 judgment of the
Ottawa County Court of Common Pleas convicting him of three counts of money
laundering and sentencing him to prison terms of 36 months, 12 months, and 12 months,
to be served consecutively for an aggregate sentence of 60 months; ordering the forfeiture
of a van and $3,762; and a imposing a fine of $30,000.  For the reasons that follow, we
reverse and remand for resentencing.

## I. Background

{¶ 2} On December 8, 2022, appellant was indicted on one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1) and R.C. 2923.32(B)(1), a first-degree felony (count 1); three counts of money laundering in violation of R.C. 1315.55(A)(5) and R.C. 1315.99(C), a third-degree felony (counts 2, 3, and 4); and one count of possessing criminal tools in violation of R.C. 2923.24(A) and R.C. 2923.24(C), a fifth-degree felony (count 5). Counts 1 and 5 contained a specification for the forfeiture of property under R.C. 2941.1417(A). In addition, count 1 contained a specification for the forfeiture of a vehicle under R.C. 2941.1417(A), and count 5 contained a specification for the forfeiture of an automobile in a drug case under R.C. 2941.1417(A).

{¶ 3} The charges arose out of appellant's purchase of several stolen catalytic converters on October 28, 2022, November 17, 2022, and November 13, 2022, with the sellers traveling, at appellant's request, from Ottawa County to Lucas County to complete the sale. For more than a year prior to these transactions, several catalytic converters were stolen in Ottawa County and the surrounding areas due to the increasing value of precious metals found in them. On the dates of the transactions for which he was charged, appellant purchased multiple catalytic converters that had been represented to him as stolen from informants acting at the direction of the police.

{¶ 4} Appellant initially entered a plea of not guilty, but he later entered a plea agreement with the state. Under the agreement, appellant agreed to plead guilty to counts

2.

2, 3, and 4 and to forfeit the vehicle and the money identified in the forfeiture specification on counts 1 and 5. In exchange the state agreed to dismiss the remaining charges. On December 21, 2023, pursuant to the plea agreement, appellant pleaded guilty to counts 2, 3, and 4. The trial court accepted appellant's guilty plea and set the case for sentencing.

{¶ 5} Appellant appeared for sentencing on April 5, 2024. At the hearing's outset, the state informed the court that there was an error in the PSI regarding appellant's criminal history. The state explained that a 2016 conviction for trafficking in heroin, a third-degree felony, was missing from the PSI. The court later asked appellant if he had been convicted of trafficking in heroin in 2016, and appellant admitted he had. The trial court made no other comment on appellant's criminal history other than to note the change raised by the state before imposing sentence.

{¶ 6} During the hearing, the state represented that appellant, who owned a small scrap yard, was the primary purchaser of stolen catalytic converters in Northwest Ohio, and his business, which involved organized crime, brought in approximately one million dollars a year. The trial court listed the charges for which appellant was convicted, but the trial court did not make any statements regarding the conduct underlying the charges or the effects of that conduct.

{¶ 7} The trial court then imposed a prison term of 36 months for count 2, 12 months for count 3, and 12 months for count 4. The trial court ordered appellant's prison

3.

terms to be served consecutively for a total prison term of five years, making the following findings:

> The Court finds that consecutive service is necessary to protect the public from future crime or punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public.
>
> The Court further finds that at least two or more of the multiple offenses committed [were] so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

Identical language was included in the sentencing entry.

{¶ 8} Appellant timely filed a notice of appeal.

## II. Assignments of Error

{¶ 9} Appellant asserts the following assignments of error for our review:

1. Whether the trial court's imposition of consecutive sentences, in case number 2022 CR-I 253-A, was contrary to law, where the trial court failed to make the correct findings, required by R.C. 2929.14(C)(4), either at the sentencing hearing or in its sentencing entry.

2. Whether the trial court's imposition of consecutive sentences, in case number 2022 CR-I 253-A, was supported by the record, where Appellant had cooperated with law enforcement; where Appellant was no longer engaged in the scrap yard business, and the offenses were committed under circumstances unlikely to recur; where Appellant showed genuine remorse for the offenses; and where the evidence did not demonstrate that the "offenses," or the alleged "harm" from the offenses to which Appellant pleaded guilty, was "so great or unusual"

4.

that no single prison term adequately reflected the seriousness of Appellant's conduct.

{¶ 10} The state did not file a brief in response to appellant's assignments of error.

### III. Law and Analysis

{¶ 11} In his first assignment of error, appellant argues that the trial court failed to make the necessary findings under R.C. 2929.14(C)(4) to impose consecutive sentences, thus making his sentence contrary to law. In support, appellant claims that the trial court failed to make a finding under R.C. 2929.14(C)(4)(a), (b), or (c). Appellant points out that although the trial court made a finding that was similar to the language in R.C. 2929.14(C)(4)(b), in that statement, the trial court found that the offenses were great or unusual, not the harm caused by the offenses. Appellant contends that R.C. 2929.14(C)(4)(b) requires the trial court to find that the harm caused by the offenses is great or unusual, not that the offenses themselves are great or unusual. In addition, appellant argues that R.C. 2929.14(C)(4)(b) requires that the trial court find that at least two of the courses were committed as part of one or more courses of conduct, and the trial court did not do so.

{¶ 12} We review felony sentences under R.C. 2953.08(G)(2), which provides that an appellate court may vacate a sentence and remand for resentencing if it "clearly and convincingly finds either … that the record does not support the sentencing court's findings under … [R.C.] 2929.14 [or] [t]hat the sentence is otherwise contrary to law."

5.

{¶ 13} Before imposing consecutive sentences, a trial court must make certain findings in both the sentencing hearing and in the sentencing entry. R.C. 2929.14(C)(4); *State v. Sipperley*, 2020-Ohio-4609, ¶ 14 (6th Dist.). The trial court must find: (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender (necessity); (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public (proportionality); and (3) one of the circumstances listed in R.C. 2929.14(C)(4)(a), (b), or (c) exists. *State v. Beasley*, 2018-Ohio-493, ¶ 252. The circumstances listed in R.C. 2929.14(C)(4)(a), (b), and (c) are as follows:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

A trial court's failure to make the required findings makes the sentence contrary to law. *State v. Davis*, 2024-Ohio-1174, ¶ 28 (6th Dist.), quoting *State v. Layson*, 2023-Ohio-105, ¶ 17 (6th Dist.), citing *State v. Bonnell*, 2014-Ohio-3177, ¶ 37.

6.

{¶ 14} A trial court is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record." *Bonnell* at ¶ 37. For example, in *State v. Jones*, 2024-Ohio-1083, the Ohio Supreme Court held that a trial court's statements discussing the appellant's extensive criminal history and recidivism and concluding that consecutive sentences were necessary to protect the public from future crime were sufficient to make a finding under R.C. 2929.14(C)(4)(c). *Id.* at ¶ 16.

{¶ 15} However, a reviewing court must be able to "glean from the record" that the trial court made the necessary findings. *See Bonnell* at ¶ 36. Indeed, a trial court's use of various portions of the statutory language in R.C. 2929.14(C)(4) does not constitute a finding unless the trial court included all the key elements of the statutory language or made other statements to satisfy the key elements. *State v. Ratcliffe*, 2019-Ohio-308, ¶ 13 (6th Dist.). For example, in *State v. Ratcliffe*, the trial court used some, but not all, of the language from R.C. 2929.14(C)(4)(b), but did not include "any reference to the fact that there were 'multiple offenses' [or] harm 'caused by two or more of the multiple offenses.'" *Id.* at ¶ 12. In addition, in that case, the appellant was convicted of two offenses, each involving a different victim, and the trial court's statements during the sentencing hearing only referenced a single victim. *Id.* Accordingly, this court held that the trial court did not make a finding under R.C. 2929.14(C)(4)(b). *Id.* at ¶ 13.

7.

**{¶ 16}** Here, we cannot glean from the record that the trial court made a finding under R.C. 2929.14(C)(4)(a), (b), or (c). The trial court did make a finding "that at least two or more of the multiple offenses committed [were] so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct." This statement appears to be intended to make a finding under R.C. 2929.14(C)(4)(b), but like the trial court's statements in *Ratcliffe*, it is missing essential elements. *Id*. at ¶ 12-13. R.C. 2929.14(C)(4)(b) first requires that the trial court find that "at least two of the multiple offenses were committed as part of one or more courses of conduct." The trial court's statement did not include such a finding, nor is there any other statement by the trial court during the sentencing hearing that could be construed as such a finding. In addition, R.C. 2929.14(C)(4)(b) requires the trial court to make a finding regarding that the "harm caused by two or more of the multiple offenses so committed was so great or unusual." Again, the trial court did not make such a finding, failing to reference the harm resulting from the offenses whatsoever in its statement. Moreover, during the sentencing hearing, the trial court made no other statements from which we could glean that the trial court made any finding regarding the harm caused by appellant's offenses. Accordingly, not only did the trial court fail to make a finding under R.C. 2929.14(C)(4)(b) in its statements imposing consecutive sentences, but we cannot glean such a finding from any other statement made by the trial court during the sentencing hearing.

8.

{¶ 17} Similarly, the trial court did not make a finding under either R.C. 2929.14(C)(4)(a) or (c) using the statutory language of those subsections, nor did the trial court make any other statements from which we could glean such a finding. The trial court never mentioned whether appellant committed the offenses while awaiting trial or sentencing or while subject to community or post-release control, so no finding under R.C. 2929.14(C)(4)(a) was made. Likewise, although the trial court did take notice of appellant's 2016 conviction for heroin trafficking, the court never made any statements that we could construe as a finding that consecutive sentences were necessary to protect the public from future crime. Therefore, the trial court also failed to make a finding under R.C. 2929.14(C)(4)(c).

{¶ 18} Because we cannot glean from the record that the trial court made a finding under R.C. 2929.14(C)(4)(a), (b), or (c) during the sentencing hearing, the trial court did not make all of the necessary findings under R.C. 2929.14(C)(4) to support its imposition of consecutive sentences. Accordingly, we find clearly and convincingly that the trial court's imposition of consecutive sentences was contrary to law. We find appellant's assignment of error well-taken. Pursuant to R.C. 2953.08(G)(2), we vacate appellant's sentence and remand the case to the sentencing court for resentencing.

### IV. Conclusion

{¶ 19} Appellant's assignment of error is well-taken. We therefore reverse the April 9, 2024 judgment of the Ottawa County Court of Common Pleas, and we remand

9.

the case for resentencing.  Appellee is ordered to pay the costs of this appeal pursuant to

App.R. 24.

Judgment reversed<br>and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.                    _____
                                                        JUDGE

Gene A. Zmuda, J.

                                                    _____
Myron C. Duhart, J.                                    JUDGE
CONCUR.

                                                    _____
                                                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.