[Cite as *State v. Smith*, 2025-Ohio-2090.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

State of Ohio                                          Court of Appeals No. WM-24-013

    Appellee                                       Trial Court No. 240CR00038

v.

Andrew W. Smith, Jr.                            **DECISION AND JUDGMENT**

    Appellant                                      Decided:  June 13, 2025

\* \* \* \* \*

Karin L. Coble, attorney for appellant.

Katherine J. Zartman, Prosecuting Attorney and
Emil G. Gravell, III, Assistant Prosecutor, for appellee.

\* \* \* \* \*

**SULEK, P.J.**

{¶ 1} Appellant, Andrew W. Smith, Jr., appeals from the June 17, 2024 judgment of the Williams County Court of Common Pleas convicting him of two counts of unlawful sexual conduct with a minor and one count of pandering obscenity involving a

minor and sentencing him to a prison terms of 30 months with five years of mandatory post-release control, 30 months with five years of mandatory post-release control, and eleven months with five years of mandatory post-release control, to be served consecutively. Smith's single assignment of error challenges the trial court's imposition of consecutive sentences. For the reasons that follow, the trial court's judgment is reversed and the case is remanded for resentencing.

## I. Facts and Procedural History

{¶ 2} On March 12, 2024, the Williams County Grand Jury indicted Smith on two counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) and (B)(3), a felony of the third degree (counts 1 and 2); two counts of illegal use of minor or impaired person in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3) and (B), a felony of the fifth degree (count 3 and 5); and one count of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(5) and (C).

{¶ 3} Counts 1 through 4 involved Smith's interactions with Jane Doe 1, who was 15 years old and more than 10 years younger than him. According to the indictment, Smith knowingly engaged in sexual conduct with Jane Doe 1 during two incidents on November 12, 2023. Smith also possessed over 100 photographs of Jane Doe 1 in which she was nude and in which her genitals and breasts were visible. Count 5 involved Jane Doe 2, who was between 5 and 8 years old. Smith possessed two photographs in which Jane Doe 2 was nude and appeared to have sexual contact with a nude adult male.

2.

{¶ 4} Although Smith initially pleaded not guilty, he withdrew his plea and entered a guilty plea to counts 1, 2, and 4 pursuant to a plea agreement with the state. In exchange for his guilty plea, the state agreed to enter a nolle prosequi on the remaining counts of the indictment. The trial court accepted Smith's guilty plea and ordered a presentence investigation (PSI).

{¶ 5} On June 5, 2024, Smith appeared for sentencing. After explaining Smith's obligations to register as a sex offender, the court heard from the state. The state recounted several aspects of Smith's conduct that led to the charges, including discussing the impact of that conduct on the two victims. After hearing from Smith's counsel, the court questioned Smith about the offenses, as follows:

> THE COURT: Mr. Smith, the law provides you with an opportunity to make a statement or provide the court with additional information. Is there anything that you would like to tell me at this time?
> MR. SMITH: The only thing that I would like to say, Your Honor, is that I am sorry for what has happened and I just want to put this behind me and be a better person.
> THE COURT: Tell me exactly what you did.
> MR. SMITH: As my lawyer said, I had feelings for her. And she was expressing feelings for me as well. And I acted upon those feelings and I shouldn't have, Your Honor.
> THE COURT: How many times did you act upon those feelings?
> MR. SMITH: Only once, Your Honor.
> THE COURT: You heard the Prosecutor talk about the long term impact upon the victim. Do you have any understanding as to the harm you've caused?
> MR. SMITH: I do, Your Honor. And if I could ask the prosecution to let her know that I am sorry that would be deeply appreciated, Your Honor.
> THE COURT: You're twenty-nine (29) years old?
> MR. SMITH: Yes, Your Honor.
> THE COURT: These are your first felony charges and convictions?
> MR. SMITH: Yes, Your Honor.

3.

THE COURT: At the time you committed these offenses, you were fourteen (14) years older than the victim. At no point did you hesitate and understand how wrong your conduct was?

MR. SMITH: Um I've seen relationships with huge age gaps like that work out before and I thought it would be able to work out between us. But I understand now that it was just at the very least that she still needed to mature. That yes, I understand that she just didn't have the emotional maturity and mental maturity to truly even be able to make it work.

{¶ 6} The court then inquired into Smith's substance abuse history and his means of financial support. After stating that the court had considered the factors and principles in R.C. 2929.11 and R.C. 2929.12, the court imposed a prison term of 30 months with five years of mandatory post-release control on count 1, a prison term of 30 months with five years of mandatory post-release control on count 2, and a prison term of eleven months with five years of mandatory post-release control on count 4. The court ordered that Smith serve his sentences consecutively, stating as follows:

I find that consecutive sentences are necessary to protect the public, they are necessary to punish you for your conduct, and consecutive sentences are not disproportionate to your conduct. Further, the harm is so great or unusual that a single term does not adequately reflect the seriousness of your conduct.

{¶ 7} As to consecutive sentences, the trial court's June 17, 2024 sentencing entry stated as follows:

The sentences of Count One, Count Two and Count Four shall run consecutively. Pursuant to R.C. 2929.14(C)(4), the Court finds that consecutive sentences are necessary to protect the public from future crime and to punish the offender and that consecutive sentences are necessary to protect the public from future crime and to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and that the offenses were committed as part of a course of conduct and the

4.

harm caused by the offenses was so great or unusual that no single prison term adequately reflects the seriousness of the offender's conduct.

{¶ 8} Smith filed a timely appeal of his sentence.

## II. Assignment of Error

{¶ 9} Smith asserts the following assignment of error for review: "The trial court erred in sentencing appellant."

## III. Arguments of the Parties

{¶ 10} In support of his assignment of error, Smith argues that at the sentencing hearing, the trial court failed to make two of the required findings under R.C. 2929.14(C)(4) to impose consecutive sentences. First, Smith contends that the trial court failed to make a required finding under the proportionality prong of R.C. 2929.14(C)(4) because the trial court only found that consecutive sentences were not disproportionate to the seriousness of his conduct and failed to consider the danger he posed to the public. Next, Smith contends that the trial court did not make a finding under R.C. 2929.14(C)(4)(b) because the court failed to find that two or more of his offenses were part of a course of conduct. Smith concedes that the sentencing entry contains all of the necessary findings, but Smith argues that the trial court must have made the findings during the sentencing hearing as well to impose consecutive sentences.

## IV. Law and Analysis

{¶ 11} Felony sentencing challenges are reviewed under R.C. 2953.08(G)(2). That statute permits an appellate court to increase, reduce, or otherwise modify a

sentence, or vacate a sentence and remand the matter for resentencing where the court clearly and convincingly finds:

> (a)     That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2).

{¶ 12} Generally, R.C. 2929.41(A) imposes a presumption that prison terms are to be served concurrently. *State v. Neff*, 2021-Ohio-3766, ¶ 65 (6th Dist.). To impose consecutive sentences, a trial court must make three findings in both the sentencing hearing and in the sentencing entry. R.C. 2929.14(C)(4). *See also State v. Bonnell*, 2014-Ohio-3177, syllabus; *State v. Sipperley*, 2020-Ohio-4609, ¶ 14 (6th Dist.). The three findings are as follows: (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the findings listed in R.C. 2929.14(C)(4)(a), (b), or (c). *State v. Beasley*, 2018-Ohio-493, ¶ 252.

{¶ 13} To make the findings, "a word-for-word recitation of the language of the statute is not required" if the trial court engages in the correct analysis. *Bonnell* at ¶ 29. For example, a trial court's statement that consecutive sentences are necessary to protect the public from future crime in conjunction with a summary of the appellant's criminal

6.

history is sufficient to make a finding under R.C. 2929.14(C)(4)(c), even if the trial court did not quote the statutory language. *State v. Jones*, 2024-Ohio-1083, ¶ 16. Likewise, a trial court's statement that "60 months is not disproportionate to the crimes you have committed in this case, as well as you committed one or more of these offenses while you were already under arrest on a previous case" is sufficient for the trial court to make the second finding under R.C. 2929.14(C)(4). *Id.* at ¶ 15-16.

{¶ 14} Where an appellate court cannot, however, "glean from the record" that the trial court made the necessary findings, the imposition of consecutive sentences is contrary to law. *Bonnell* at ¶ 36; *see also State v. Ratcliffe*, 2019-Ohio-308, ¶ 13 (6th Dist.). Accordingly, a trial court's use of some portions of the statutory language in R.C. 2929.14(C)(4) does not constitute a finding unless the trial court quoted all of the "key elements" of that language or made other statements that could constitute findings under those key elements. *Ratcliffe* at ¶ 13.

{¶ 15} Here, Smith argues that the trial court failed to make the second and third findings under R.C. 2929.14(C)(4) at the sentencing hearing. As to the second finding under R.C. 2929.14(C)(4), the proportionality prong, Smith contends that the trial court failed to conduct the appropriate analysis. Smith points out that although the trial court did find that consecutive sentences were not disproportionate to his conduct, the trial court never considered whether they were not disproportionate to the danger he posed to the public.

7.

{¶ 16} To make the second finding under R.C. 2929.14(C)(4), "'a trial court [must] engage in a weighing process.'" *State v. Sprague*, 2023-Ohio-4343, ¶ 20 (6th Dist.), quoting *State v. Elmore*, 2016-Ohio-890, ¶ 58 (7th Dist.). As part of that process, "the court consider[s] 'whether consecutive sentences are not disproportionate to the danger the offender poses to the public.'" *State v. Schaus*, 2024-Ohio-1515, ¶ 17 (6th Dist.), citing *State v. Kiefer*, 2021-Ohio-3059, ¶ 17 (6th Dist.). A court's findings regarding the potential danger an offender may pose are insufficient to satisfy the proportionality prong if the court does not engage in the weighing process. *See Kiefer* at ¶ 18 ("[W]hile the trial court's consideration of whether the offender is likely to recidivate may show the danger the offender poses to the public, R.C. 2929.14(C) requires the trial court to find that consecutive sentences are not disproportionate to that danger, whatever it may be."). If an appellate court cannot glean from the sentencing transcript that the trial court engaged in the weighing process, then the trial court's imposition of consecutive sentences is contrary to law. *Schaus* at ¶ 17.

{¶ 17} Here, the sentencing transcript only indicates that the trial court weighed consecutive sentences against Smith's conduct, but there is nowhere in the record from which we can glean that the trial considered whether imposing consecutive sentences was not disproportionate to the danger Smith posed to the public. Because the trial court failed to make such a finding, the court's imposition of consecutive sentences is clearly and convincingly contrary to law.

8.

{¶ 18} The state contends that Smith has not pointed to anywhere in the record to establish that the trial court's finding is not supported by the record, arguing that because Smith has not established that the trial court's finding lacked a basis, consecutive sentences must be affirmed. The state is incorrect. Even if the record may have contained support for a finding, the trial court first must have engaged in the appropriate analysis to make the three necessary findings under R.C. 2929.14(C)(4). *See Schaus* at ¶ 17 (holding that trial court's consideration of the R.C. 2929.11 and R.C. 2929.12 could not be construed as a finding under the proportionality prong of R.C. 2929.14(C)(4) despite some overlap in the statutory language); *State v. Hoy*, 2024-Ohio-1555, ¶ 19 (10th Dist.) (holding that the trial court's statements regarding the appellant's long criminal history, recent crime spree, and possession of a gun did not constitute a finding under the proportionality prong).

{¶ 19} Because we clearly and convincingly find that the trial court failed to make the second finding under R.C. 2929.14(C)(4), the portion of the trial court's order imposing consecutive sentences must be vacated. Because the consecutive sentences portion of the order must be vacated, whether the trial court made findings under the third prong of R.C. 2929.14(C)(4) need not be addressed.

{¶ 20} Smith's assignment of error is found well-taken. The trial court's judgment imposing consecutive sentences is vacated, and the case is reversed and remanded for resentencing.

9.

## V. Conclusion

**{¶ 21}** Based on the foregoing, the judgment of the Williams County Court of Common Pleas is reversed, and the matter is remanded to the trial court for resentencing. Pursuant to App.R. 24, costs of this appeal are assessed to the state.

Judgment reversed<br>
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See, also,* 6th Dist.Loc.App.R. 4.

Gene A. Zmuda, J.

_____
JUDGE

Myron C. Duhart, J.

_____
JUDGE

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.