[Cite as *State v. McQuin*, 2026-Ohio-894.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                      Court of Appeals No.  L-25-00129

    Appellee/Cross-appellant               Trial Court No.  CR0202402677

v.

Marvin Jerome McQuin                    **DECISION AND JUDGMENT**

    Appellant/Cross-appellee               Decided: March 17, 2026

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and,
Lorrie J. Rendle, Assistant Prosecuting Attorney, for appellee/cross-appellant.

Patricia Horner, for appellant/cross-appellee.

* * * * *

**DUHART, J.**

{¶ 1} This case is before the court on appellant, Marvin Jerome McQuin's appeal from the May 15, 2025 judgment of the Lucas County Common Pleas Court as well as on a cross-appeal filed by the state of Ohio.  For the reasons that follow, we affirm and remand for the issuance of a nunc pro tunc order.

**McQuin's Assignments of Error**

I.  [McQuin]'s Sentence was Contrary to the Purposes of R.C. 2953.08.

II.  [McQuin]'s Sentence was an Abuse of Discretion.

**The State's Cross-Assignment of Error**

Although the trial court properly notified . . . McQuin at sentencing that his conviction for four counts of theft, each a felony of the fifth degree, included a discretionary term of post-release control ("PRC") of up to two years, the May 14, 2025, sentencing entry (e-filed May 15, 2025) only lists the possible ranges of PRC terms associated with the various felony degree levels, identified in abbreviated terms, i.e., F-1, F-2, F-3, F-4, and F-5. As such, the State submits that the trial court did not properly notify McQuin of the term and mandatory or discretionary nature of PRC in this case. Remand with instructions to issue a nunc pro tunc entry is therefore necessary to correct this limited issue.

**Background**

{¶ 2} On November 21, 2024, McQuin, along with a codefendant, was indicted on four counts of burglary, in violation of R.C. 2911.12(A)(1) and (D), each a felony of the second degree (Counts 1-4) and four counts of theft, in violation of R.C. 2913.02(A)(1) and (B)(2), each a felony of the fifth degree (Counts 5-8).  These charges arose from thefts of Dollar General stores in the Toledo area that occurred on four separate dates between September 9, 2024 and October 4, 2024.

{¶ 3} At a change-of-plea hearing held on April 2, 2025, McQuin entered a plea of guilty to each of the four theft charges (Counts 5-8), and the State agreed to dismiss the four counts of burglary (Counts 1-4).  McQuin also consented to pay restitution and "to a no trespass order for all Toledo area Dollar General stores."

2.

{¶ 4} McQuin appeared for a sentencing hearing on May 14, 2025. During sentencing, McQuin's attorney informed the court that McQuin was employed and he discussed his client's attempts to "get on the right path," including seeking "the assistance of Unison with respect to housing" as well as being "assessed there for clinical purposes with recommendations of various forms of programs that need to be completed." The judge noted that he had been provided with documentation from Unison which discussed recommendations for anger management treatment and "out-patient individual counseling to manage mental health symptoms, substance abuse and legal issues," and that McQuin had begun out-patient counseling.

{¶ 5} McQuin spoke on his own behalf as well. He apologized to the prosecutor, Lucas County, the judge, and his family for his actions, and admitted he was wrong. He claimed that, since he has been going through pre-trial services, he has been "doing it the right way, the straight way." He mentioned his employment at McDonald's, hardships he endured as a child, that he passes out leftover food from his job to shelters, that he attends church on Sunday, and that he wants to be a good person. Additionally, a deputy sheriff spoke and stated that McQuin "was getting his life together."

{¶ 6} The judge then discussed McQuin's criminal history, pointing to other cases McQuin had pending, including a "brand new case" in Monroe, Michigan. The judge also stated that McQuin was on probation in Oregon "when all of this happened" and that also in Oregon, on May 18, 2024, prior to the incidents at issue in this case, there was "a trespass order which reads, subject, you are essentially barred from all Dollar General

3.

locations." McQuin's attorney interjected that "the Oregon sentence went into effect on January 21st, 2025. So the date of the offense was May. He wasn't sentenced until January of this year." The court acknowledged that McQuin's attorney was correct. The following conversation then occurred.

> [McQUIN'S ATTORNEY]: So again, while I accept that we have a series of events, I believe that these offenses which stand before you predate the sentencing out of Oregon Municipal Court.
> THE COURT: But nonetheless, they happened while he was - - while the cases were pending in Oregon Municipal Court.
> [McQUIN'S ATTORNEY]: That is correct, yes.
> THE COURT: Okay. And I do note that there was also a criminal trespass charge that was also two months after that in July of 2024 in Oregon Municipal Court. Both of those cases appear to be - - have been sentenced by presumably Judge Kovacs on January 21st.
> [McQUIN'S ATTORNEY]: That is correct. . . . We appeared before and was sentenced on that date. But I just - - he wasn't on probation at the time these offenses occurred, although the charges were pending.
> THE COURT: And the drug case and the retail fraud case up in Michigan?
> [McQUIN'S ATTORNEY]: I don't have enough information on those cases to provide the court [a] legitimate response. All I know is that according to them they were - - they were alleged to have occurred on October 1st of 2024. And I can't dispute what he's telling me as to the resolution.
> . . .
> [McQUIN'S ATTORNEY]: The other one appears to be … alleged to have occurred on January 22nd, 2024. Again, prior to sentencing, but while cases were pending.

{¶ 7} Later, the court noted that McQuin was "waiting trial or sentencing in Monroe County Michigan," was "under community control in Oregon" and that his criminal history included four juvenile felonies, six prior adult felonies, and fifteen lifetime misdemeanors.

4.

**{¶ 8}** McQuin was then sentenced to nine months in prison for each count, to be served consecutively.

**{¶ 9}** McQuin appealed.

## Standard of Review

**{¶ 10}** We review felony sentences under R.C. 2953.08(G)(2). *State v. Purley*, 2022-Ohio-2524, ¶ 8 (6th Dist.). R.C. 2953.08(G)(2) allows an appellate court to increase, reduce, or otherwise modify a sentence, or vacate the sentence and remand for resentencing if the court clearly and convincingly finds that either of the following apply: (a) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code" or (b) "the sentence is otherwise contrary to law." Clear and convincing evidence is defined as "'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *State v. Gwynne*, 2023-Ohio-3851, ¶ 14, quoting *Cross v. Ledford*, 161 Ohio St. 469, paragraph three of the syllabus. Despite McQuin's contrary contention, "[f]elony sentences are not reviewed for an abuse of discretion." *State v. Goode*, 2023-Ohio-863, ¶ 5 (6th Dist.).

5.

## McQuin's First Assignment of Error

{¶ 11} In his first assignment of error, McQuin argues that the imposition of consecutive sentences was contrary to R.C. 2953.08.

{¶ 12} Generally, pursuant to R.C. 2929.41(A), "a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment" unless an applicable exception applies.  R.C. 2929.14(C)(4)(c) provides such an exception and allows for a trial court to impose consecutive sentences when the court finds "that the consecutive service is necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

{¶ 13} A trial court imposing consecutive sentences must make these findings at the sentencing hearing and incorporate them into its sentencing entry but is not obligated to state reasons supporting its findings.  *State v. Bonnell*, 2014-Ohio-3177, syllabus.  If a trial court fails to make the necessary findings, the sentence is contrary to law.  *State v.*

6.

*McCune*, 2025-Ohio-1950, ¶ 13 (6th Dist.), citing *State v. Davis*, 2024-Ohio-1174, ¶ 28 (6th Dist.)

{¶ 14} The trial court did make these findings, both at the sentencing hearing and in its judgment entry. At the sentencing hearing the trial court stated:

> Consecutive sentences are necessary to protect the public from future crime or to punish the offender and not disproportionate to the seriousness of the offender's conduct and the danger that he poses. I further find as I said you were awaiting trial or sentencing in Monroe County Michigan. You were under community control in Oregon and your criminal history requires consecutive sentences. You have four juvenile felonies, six prior adult felonies, now you're up to ten adult felonies, not to mention the fifteen lifetime misdemeanors.

{¶ 15} Similarly, the appropriate findings were made in the entry, where the trial court stated:

> These counts are to run consecutive to each other. Being necessary to fulfill the purposes of R.C. 2929.11 and 2929.14(C)(4), consecutive sentence[s] are necessary to protect the public from future crime or to punish the offender and are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The court further finds the defendant was awaiting trial or sentencing; on community control, and the defendant's criminal history demonstrates that consecutive sentences are necessary to protect the public, therefore the sentences are ordered to be served consecutively.

{¶ 16} Thus, the trial court made the findings required by statute. Nonetheless, McQuin seems to maintain that not all of the findings are supported by the record. He claims that there is "minimal discussion" regarding the second finding, that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Citing to *State v. Smith*, 2025-Ohio-2090 (6th Dist.) and *State v. Schaus,* 2024-Ohio-1515 (6th Dist.), McQuin asserts that "the

7.

transcript and the judgment entry are to include the discussion of the trial court weighing whether consecutive sentences are disproportionate or not versus the individual's potential danger to the public" and that, in the present case, "there is not any indication of the court weighing [McQuin's] conduct to his current activities and contribution to his community." He insists that the trial court did not specifically consider that McQuin "had been engaged in mental health treatment, drug treatment, that he was employed and had been for a bit of time, that [he] had secured housing and it had been some six years since appellant had been to prison," which indicated that "he was making changes to his behaviors and thinking so he could be [a] contributing member of the community, not a threat to it."

{¶ 17} McQuin also seems to take issue with the trial court's finding as to the third element – that the trial court find one of the following:

> a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 18} At sentencing, the trial court found that both a) and c) applied. But McQuin claims that the "trial court mistakenly believed appellant was on probation for

8.

Oregon Municipal Court at the time the offenses were committed in the instant case, however, [he] was not."

{¶ 19} After reviewing the transcript and the judgment entry, we cannot say that the trial court's findings are clearly and convincingly unsupported by the record. The trial court was not required to state its reasons supporting its findings on the record. *See Bonnell* at syllabus. But a review of the transcript provides support for the trial court's findings with respect to both the second and third elements. As specifically pointed out by the trial court, McQuin had an extensive criminal history and that there were actions pending at the time these offenses were committed. While McQuin takes issue with the judge's comment that he had been on probation when the offenses occurred, it has been conceded that one or more cases were pending when these offenses occurred.

{¶ 20} Therefore, we find McQuin's first assignment of error not well-taken.[1]

## McQuin's Second Assignment of Error

{¶ 21} In his second assignment of error, McQuin contends that the trial court abused its discretion by sentencing him to prison instead of community control. He insists that the trial court failed to sufficiently consider: he was working and earned enough to pay rent and would have been able to start making restitution payments had he

---

[1] *Smith* and *Schaus* do not require a different result as it relates to the second factor. The second element of R.C. 2929.14(C)(4) requires the trial court "find that consecutive sentences are not disproportionate to both (1) the seriousness of the offender's conduct, and (2) the danger the offender poses to the public." *State v. McCoy*, 2022-Ohio-995, ¶ 22 (12th Dist.). In *Smith* and *Schaus*, the trial court failed to expressly make all or part of the proportionality finding, and this court could not discern such a finding from the record. *Smith* at ¶ 17, *Schaus* at ¶ 17. Here, the trial court expressly made the required finding.

9.

been on community control and he was making changes to his life as shown by "Unison documents showing his active participation with the groups there, maintaining employment for several months, and taking responsibility for his criminal conduct, such as resolving the charges in Oregon Municipal Court and the ones instanter." He further asserts that "[i]t was also unreasonable for the Court to assume that appellant was on probation at the time of the offenses when the PSI and appellant both indicated to the Court that he was not."

{¶ 22} We note that McQuin's second assignment of error is not supported by citation to legal authority, as required by App.R. 16(A)(7). His sole citation to any authority in his second assignment of error is a citation to cases defining abuse of discretion. We have previously held that "[a]ccording to App.R. 12(A)(2) [an appellate court] may disregard an assignment of error if an appellant fails to cite to any legal authority in support of an argument as required by App.R. 16(A)(7)," and dismissed an assigned error on that basis. *Ohio Div. of Securities v. Treece*, 2022-Ohio-3267, ¶ 13 (6th Dist.), citing *Huffer v. Brown*, 2013-Ohio-4384, ¶ 12 (10th Dist.). Despite this, we have attempted to consider this assigned error; however, due to the lack of legal authority, the basis of McQuin's argument is not clear.

{¶ 23} The State reads the second assignment of error as an argument that McQuin's "sentence should be vacated and that he should be placed under community control, because, according to him, the trial court abused its discretion when it imposed consecutive sentences." To the extent that is McQuin's argument, as we have previously

10.

stated, abuse of discretion is not the proper standard and we have fully analyzed the trial court's imposition of consecutive sentences above.

{¶ 24} In our reading of McQuin's second assigned error, he appears to be arguing that the error was that he should have been sentenced to community control rather than prison. As discussed above, we review felony sentences under R.C. 2953.08(G)(2) and the applicable standard is not abuse of discretion. One basis for review under R.C. 2953.08(G)(2)(a) is whether the record does not clearly and convincingly support the trial court's findings under R.C. 2929.13(B).

{¶ 25} R.C. 2929.13(B) discusses when a trial court can sentence a defendant to prison for a fifth-degree felony, and reads, in relevant part, as follows:

> (B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction or combination of community control sanctions if all of the following apply:
>     (i) The offender previously has not been convicted of or pleaded guilty to a felony offense.
>     (ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.
>     (iii) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.
>     (b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:
>         . . .
>         ix) The offender at the time of the offense was serving, or the offender previously had served, a prison term.

(x) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.

. . .

(2) If division (B)(1) of this section does not apply, except as provided in division (E), (F), or (G) of this section, in determining whether to impose a prison term as a sanction for a felony of the fourth or fifth degree, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code.

{¶ 26} "With some exceptions not relevant here, R.C. 2929.13(B)(1)(a) requires trial courts to sentence defendants convicted of a fourth- or fifth-degree felony 'that is not an offense of violence or that is a qualifying assault offense' to a term of community control when three factors apply: the defendant (1) has no previous felony convictions, (2) is not facing a charge greater than a fourth-degree felony, and (3) in the two years before the offense for which the defendant is being sentenced, the defendant was not convicted of a misdemeanor offense of violence." *State v. Bailey*, 2025-Ohio-5254, ¶ 9 (1st Dist.).

{¶ 27} R.C. 2929.13(B)(1)(a) does not apply here for two reasons. First, McQuin has previous felony convictions. The judge found that, at the time of sentencing, McQuin had, inter alia, six prior adult felonies. Second, Ohio courts have interpreted the community-control presumption of R.C. 2929.13(B)(1)(a) to apply "only if the defendant is convicted of a single, nonviolent felony of the fourth or fifth degree." *Id*. at ¶ 10. *See also State v. Boswell*, 2019-Ohio-2949, ¶ 22 (6th Dist.). In this case, McQuin was convicted of multiple fifth-degree felonies. Because R.C. 2929.13(B)(1)(a) does not

12.

apply, the trial court had discretion to impose a prison sentence rather than a community control sanction. *See State v. Dobbins*, 2022-Ohio-4768, ¶ 13 (6th Dist.).

{¶ 28} Additionally, the trial court had discretion to sentence McQuin to a prison term under R.C. 2929.13(B)(1)(b)(ix) based on his prior prison sentences. The PSI report indicates that McQuin has previously been sentenced to incarceration at both the state and local level, and McQuin has admitted in his brief that he had been to prison. Although he has objected to the trial court's statement regarding probation, McQuin has not disputed that he has served a prison term. Thus, we do not find that the record does not clearly and convincingly support the trial court's findings under R.C. 2929.13(B).

{¶ 29} A third possible basis for his second assigned error would be that the trial court abused its discretion in considering the factors of R.C. 2929.11 and R.C. 2929.12. That argument too is unavailing as we have held that "R.C. 2953.08(G)(2) does not permit an 'appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12'" and that appeals based upon such an argument "are subject to summary resolution as a matter of law." *State v. Bowles*, 2021-Ohio-4401, ¶ 7, 9 (6th Dist.).

{¶ 30} Therefore, we find McQuin's second assignment of error not well-taken.

13.

## The State's Cross-Assignment of Error

{¶ 31} In its assignment of error, the State argues that the trial court did not properly notify McQuin of the term of his post-release control, and whether it was mandatory or discretionary, in the judgment entry.

{¶ 32} "[T]o validly impose post[-]release control when the court provides all the required advisements at the sentencing hearing, the sentencing entry must include: (1) whether post[-]release control is discretionary or mandatory, (2) the duration of the post[-]release control period, and (3) a statement to the effect that the [APA] will administer the post[-]release control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of post[-]release control will subject the offender to the consequences set forth in that statute." *State v. Whitney*, 2025-Ohio-4978, ¶ 19 (6th Dist.), quoting *State v. Bates*, 2022-Ohio-475, ¶ 12.

{¶ 33} The judgment entry contained the following relevant language:

> Defendant notified of post-release control as follows: Felony Sex Offense: 5 years mandatory; F-1: 2-5 years mandatory; F-2: 18 months-3 years mandatory; F-3 (offense of violence, R.C. 2901.01(A)(9)): 1-3 years mandatory; F-3 (other): up to 2 years discretionary; F-4: up to 2 years discretionary; F-5: up to 2 years discretionary.

{¶ 34} We recently found this same language was the result of a scrivener's error that rendered the "trial court's imposition of post[-]release control clearly and convincingly contrary to law." *Id.* at ¶ 20. We therefore remanded the case "to the trial court to enter nunc pro tunc entries reflecting the post[-]release control that it imposed at the sentencing hearing." *Id.* at ¶ 24.

14.

**{¶ 35}** Pursuant to *Whitney*, we find the State's assignment of error well-taken and remand this case to the trial court for the limited purpose of entering a nunc pro tunc judgment entry correctly notifying McQuin of his applicable post-release control term.

## Conclusion

**{¶ 36}** The judgment of the Lucas County Court of Common Pleas is affirmed. We remand solely for the trial court to issue a nunc pro tunc judgment entry correctly notifying McQuin of his post-release control term. Pursuant to App.R. 24, McQuin is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Myron C. Duhart, J.
_____
JUDGE

Charles E. Sulek, J.
CONCUR.
_____
JUDGE

Gene A. Zmuda, J.
CONCURS IN JUDGMENT
ONLY.
_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.